### ACTION UNDER AN AGREEMENT FOR SHIPMENT OF PERISHABLE GOODS.

Court of Appeals for Licking County.

FRUIT DISPATCH CO. v. F. LISEY & CO.

Decided, March Term, 1915.

*Sales of Perishable Goods f. o. b.—At Risk of Purchaser After Delivery to the Carrier—Title Passes With Delivery to Carrier, When— Errors in Charge of Court.*

1. The judgment rendered in this case has been twice reversed on the weight of the evidence, and but for the statute which provides that the same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, a third reversal would be granted on that ground.

2. It is error to refuse to give to the jury before argument charges which have been submitted for that purpose and which embody substantially the provisions of the agreement upon which the action is based.

3. In charges which are given to the jury it is error to include one which in effect permits the jury to add to the agreement, but they should be restricted to a determination of the rights of the parties under the agreement as made and entered into by them.

*Jones & Jones* and *Watson, Stauffer & Davis,* for plaintiff in error.

*Smythe & Smythe,* contra.

SHIELDS, J.; POWELL, J., and HOUCK, J., concur.

A petition in error is filed herein to reverse the judgment of the court of common pleas, in which a judgment was rendered in favor of the defendant in error against the plaintiff in error.

In its second amended petition filed, the plaintiff alleged, in substance, that it is and was on the 19th day of July, 1906, a corporation, and that the defendant is and was on said date a partnership doing business in said Licking county, Ohio. That on said date—

"the plaintiff and defendant entered into an agreement in writing for the purpose of fixing and determining the terms and conditions on which they would then and thereafter do business by and with each other in the matter of purchasing and selling bananas and fruit, and that by the terms of that agreement it was agreed by and between the plaintiff and defendant that all bananas and fruit which then or thereafter was sold by the plaintiff to the defendant should be sold and purchased under and pursuant to the terms and provisions which were then known and designated by the plaintiff as 'uniform conditions covering sales,' and which uniform conditions covering sales provided that all bananas that might then and thereafter be sold by the plaintiff to the defendant and purchased by the defendant from the plaintiff should be sold and delivered f.o.b. every car at the seaboard, with the exception of special sales, which are mentioned in said agreement. It was further agreed that after delivery by the plaintiff of bananas and fruit to the carrier at the seaboard, the same would be at the sole risk of the defendant, that every order for or sale of bananas or fruit given or made after the same should have been shipped at the seaboard should relate back to the time of such shipment, and should have the same force and effect in every respect as if made prior to such sale."

That other and further provisions are incorporated in said agreement, defining the rights and liabilities of said parties, which are set forth in said petition in minute detail and at considerable length, but which are not deemed necessary to set out or refer to herein at this time. That on the 27th day of November, 1908, when said written agreement was in full force, and in pursuance of the terms of said agreement, and upon the order of the defendant, the plaintiff sold and delivered to the defendant one

carload of Jamaica 9-hand bananas, at the agreed price of $181.-08, for which said sum, with interest from said date, judgment was asked.

To the foregoing second amended petition of the plaintiff, the defendant in its answer set up two defenses, one containing a general denial, and the other:

"That on or about the date stated in plaintiff's second amended petition the defendant ordered a car-load of bananas from plaintiff, to be delivered to defendant in Newark, Ohio. That said bananas were not delivered to it by plaintiff and were not accepted by the defendant; that on the contrary thereof said bananas arrived in said city of Newark spoiled and were of no value. That said bananas were spoiled by reason of the carelessness and negligence of the plaintiff in preparing and packing the same for shipment and were accepted by plaintiff from the carrier at Newark, Ohio."

In a reply filed by the plaintiff to the second defense in said answer a general denial is made of the allegations therein, except that the defendant ordered of plaintiff a car-load of bananas.

Upon the issues thus made trial was had, resulting in a verdict for the defendant. Upon a motion for a new trial being overruled, judgment was entered upon said verdict for the defendant, and a petition in error, with a bill of exceptions, was filed in this court for a review of said judgment and proceedings in said court of common pleas.

Of the numerous grounds of error alleged in said petition in error for a reversal of said judgment, those only which are deemed important, and which were argued to this court on behalf of plaintiff in error, will be adverted to in this opinion.

The record shows that this case has been tried three different times in the common pleas court and has been passed upon twice by the circuit court, each time the judgment below having been reversed because of being against the manifest weight of the evidence and contrary to law, and the case is now again in this court. If there is any virtue in the legal maxim *stare decisis,* it would seem that this case ought not to have many more years to run— its judicial history should be ended. But while the uncertainty of the administration of the law and of the law's delay should

not receive judicial sanction in encouraging protracted or unnecessary litigation, still it is the constitutional privilege of litigants to pursue their legal rights in methods of their own selection. As indicated, this case was twice reversed on the weight of the evidence, and but for the statute now in force that the same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, we would reverse the judgment of the court below on that ground, if for no other, because an examination of the evidence contained in the bill of exceptions in connection with the agreement made between these parties, and the order given for the bananas in question for which a recovery is laid in the petition of the plaintiff below, shows, in our judgment, that the verdict of the jury was clearly against the weight of such evidence. A reading of said bill of exceptions shows that Fred Lisey, one of the defendant's witnesses, and the principal defendant herein, on the last trial testified in direct examination that he ordered of the plaintiff "Jamaica firsts," but that the bananas shipped were not "firsts," and therefore the order was not filled as given. On cross-examination of said witness on page 147 of the record appears the following:

"Q. When did it occur to you to say, as you did yesterday afternoon, that the bananas in this shipment were not 'firsts'? A. They were not 'firsts.'

"Q. When did it occur to you to make that statement? A. As soon as I looked into the car.

"Q. Don't you know that in all the controversy in this case for five years that you have not mentioned that feature of this case before? A. I don't know.

"Q. Do you say that you ever complained to anybody about this car on account of their not being 'firsts'? A. I couldn't say about that.

"Q. If so, when did you make it? A. I think I said in my former testimony that they were a thin skinned banana.

"Q. What does it take to make a 'Jamaica 9'? A. It takes 9-hands.

"Q. Did you know at that time how the Fruit Dispatch Company classified its bananas? A. Yes si.

"Q. You knew that they classified 9-hand as 'firsts'? A. Yes, sir.

"Q. Irrespective of what they weighed, you know that a 9-hand Jamaica banana was a 'first' irrespective of what it weighed? Yes, sir, it was called a 'first.'

"Q. These were called 'firsts.' A. Yes, sir.

"Q. And they were 'firsts.' A. They were 9-hand."

The best evidence showing what the order really given was is to be found in plaintiff in error's exhibit "A," at page 82 of the record, which appears to be an acknowledgment of such order by the resident manager of the plaintiff in error at Columbus, Ohio, to the defendant in error, and which is in the words and figures following, to-wit:

"COLUMBUS, O., November 27, 1908.

"F. LISEY & Co.,
    Newark, Ohio.

"Dear Sirs: We beg to acknowledge the receipt of your telephone order for one car Jamaica nine hand bananas, to be shipped from Philadelphia on November 27th, 1908, or as near thereafter as possible. The price to be $1.20 per cwt. f. o. b. seaboard.

"This memorandum is merely an acknowledgment and not an acceptance of your order, which is to be accepted only by shipment, and upon and subject to the terms printed on the back hereof.

"Yours truly,
"FRUIT DISPATCH COMPANY,
"H. E. REYNOLDS."

Plaintiff in error's Exhibits "D" and "E" also show that on November 27th and November 28th, 1908, the defendant in error was advised that said shipment was of Jamaica 9's, which, when considered with the admissions of the defendant in error, leave no doubt in the mind of the court as to the order having been filled as given. We think the evidence is that Jamaica 9-hand bananas were ordered, as shown by said order, and said order governs, notwithstanding the claim made by the defendant in error in this respect, and if the bananas were furnished as ordered the provisions of said agreement would control. We are led to thus remark upon the effect of this evi-

dence because of its connection with the court's instructions to the jury in its general charge as follows:

"If, however, you find from the evidence that the bananas in question, delivered on the car at Philadelphia, were not of the kind and quality ordered, or were not properly loaded by the plaintiff, and delivered to the railroad company in good condition, and by reason thereof the bananas were injured in transit, then the defendant was not bound to accept this car, and you will return a verdict for the defendant."

Under the agreement made·and order given, we think this instruction was prejudicially erroneous. We are not unmindful of the rule laid down in the case of *McAllister* v. *Hartzell*, 60 O. S., 69, that where the jury find on any one of several issues presented by the pleadings the verdict may be upheld; but the case here is not of that character under the terms of said agreement and order, nor could such a claim, if made, be sustained in our judgment in the face of the record.

As was said by Judge Donahue in announcing the opinion of the circuit court in this case when it was first heard by that court, when speaking of the entire absence of evidence that the bananas were to be delivered in· good condition at Newark under the terms of the contract:

"We recognize that it is an extremely delicate matter and sometimes error for the court to say there is no evidence in the case in respect to an issue involved therein, but it nevertheless becomes the duty of the court, when there is no evidence sustaining an alleged defense, upon proper request of the party, to so instruct the jury. And we think this was a case wherein the court should have instructed the jury in that regard."

It is also urged that the court below erred to the prejudice of the plaintiff in error in refusing to give to the jury in charge before argument requests Nos. 10, 12 and 14, and each of them, submitted among others by the plaintiff in error. These requests, as we interpret them, embody substantially the provisions of said agreement to which they relate and, in our judgment, were proper instructions to be submitted to the jury,

and in refusing to so give them we think that the action of the court below was prejudicially erroneous.

We are also of the opinion that requests Nos. 1 and 2, submitted to the jury before argument on behalf of the defendant below, were not proper but wrong. Request No. 1 is as follows:

"A contract of sale for the delivery of perishable goods in carload lots, f.o.b., shipping point, where the car is loaded by the seller, and not by the common carrier, requires of the seller that he should properly load and deliver such car in good condition to the railroad company. There the responsibility of the seller ends, but if he should fail, in any particular, in properly loading such car and deliver it to the railroad company in right condition, and by reason of which failure the goods were injured and destroyed in transit, the buyer is not bound to receive the same, nor does the property in the goods pass to him until the obligation of the shipper is discharged with reasonable care and diligence."

This instruction was certainly proper in so far as it relates to the proper loading of the bananas on the car and the delivery of such car to the railroad company for shipment, but it undertakes to and does, in effect, say to the jury that any failure on the part of the plaintiff in this respect, resulting in injury to the fruit in transit, would absolve and discharge the defendant from all obligation to receive it, and that the title to the same did not pass, etc. This, we think, was in direct violation of the express terms of the agreement pleaded and not denied.

Said request No. 2 is as follows:

"The law of such contract requires that the seller shall do that thing which is right and reasonable for the protection of perishable property, to be delivered f.o.b. at shipping point, and the question as to what is right and reasonable is a question for the jury."

This request delegates to the jury the exercise of a power to determine what was and what was not a proper method to be employed for the preservation of perishable property f. o. b. In other words, it takes away from the shipper and makes the jury the judges of what should and what should not be done in this respect. The province of the jury was not to make an

agreement for these parties, but to determine their rights under the agreement made, entered into and acted upon by them. In so instructing the jury, we think the court below erred to the prejudice of the rights of the plaintiff in error.

It is also urged that the court below erred in the admission and rejection of certain evidence offered upon the trial. If this were the only error alleged in the record for the reversal of this judgment, we should hesitate, if not refuse, to reverse it; but in addition to what has already been said, it appears that on page 133 of the record, when the witness Lisey was describing the condition of the bananas on Monday, as they reached Newark on the Sunday preceding, on direct examination was asked the following question:

"Q. In what condition would they have to be received by you—a wholesale dealer—to be in marketable condition?"

This question was objected to, which objection was overruled, and an exception duly taken.

Again, on page 139 of the record, it appears that said witness, on direct examination, was asked the following question:

"Q. Taking into consideration, Mr. Lisey, the condition of the bananas when you first saw them, and the condition of the car when they arrived in Newark, and the length of time that they had been on the road, from your 28 years' experience in the banana business, what do you say as to the condition of the bananas when they actually went into the car, or when they left the hold of the ship? What condition must they have been in?

"By Mr. Davis: I object.

"The Court: The objection is overruled.

"By Mr. Davis: Note an exception.

"A. The bananas were either too hot coming out of the steamer, or the car was too hot when they put them in the car.

"By Mr. Davis: I move to rule out the answer.

"The Court: The motion is overruled.

"By Mr. Davis: Note an exception."

We think that both of the foregoing questions, including the answer to the latter question, were objectionable, and that it was error on the part of the court in admitting them.

. For the errors indicated, the judgment of the court of common pleas will be reversed, and said cause is remanded to said court for further proceedings according to law.