## VALIDITY OF NOTE GIVEN IN PAYMENT OF INSURANCE PREMIUM.

Court of Appeals for Muskingum County.

MCDONALD & FRAZIER, A PARTNERSHIP COMPOSED OF CHARLES MCDONALD AND JAY W. FRAZIER, v. HERB SCHERVISH.

Decided, May Term, 1916.

*Life Insurance—Execution of Note, Without Interest, in Payment of First Premium—Not Within the Prohibition of the Statute, When —Suit Lies on such a Note.*

Where the evidence is to the effect that a contract was entered into for a policy of life insurance and the amount of the premium agreed upon, and thereafter a note was accepted from the insured for the first year's premium, due in sixty days without interest, the accommodation thus extended as to the time for paying the first premium can not be regarded as an inducement for taking out the policy, or as within the inhibition of Section 9404, General Code; and where the insured made no complaint until after the note had become due and the agents receiving it had paid the premium to the insurance company, the defense that

the note was void because in contravention with said section does not lie.

*E. R. Meyer,* for plaintiffs in error.
*J. C. Bassett,* contra.

HOUCK, J.

This is a proceeding in error seeking to reverse a judgment of the Common Pleas Court of Muskingum County, Ohio. The parties occupy the same position in this court as in the court below, the basis of the suit being a promissory note for $152 given to McDonald & Wagner by Herb Schervish in payment of the first premium on a life insurance policy in the Bankers' Life Insurance Company, of Nebraska, which was sold by McDonald & Wagner, the agents of said insurance company, to the said Schervish, the note being sold and transferred by said McDonald & Wagner to the plaintiffs in error, who filed suit in the common pleas court of this county, the petition being drawn under the usual short form of petition on promissory notes.

The answer contains three defenses:

1. Admits the plaintiffs are the owner and holder of the note in question; admits its execution, delivery, and the endorsements thereon, but denies all the other allegations therein, and especially avers that the note was given without any consideration therefor.

2. That it was null and void, and against public policy, and in violation of Section 9404 of the General Code of Ohio, because the plaintiffs' assignors, in order to induce the defendant to take a $5,000 life insurance policy at the usual rate of annual premiums agreed to defer the payment of the first premium for sixty days, without interest, instead of requiring the same to be paid in cash as the policy provided.

3. That the defendant was induced to take said insurance by reason of certain false and fraudulent statements made by the original payees of the note to the defendant, in this, to-wit, that said policy, at the end of twenty years, if the insured paid the annual premiums thereon, would be entitled to receive in cash

not less than $4,800, nor more than $5,200, and that this and other representations made to him at that time were not true.

A reply to said answer was filed by the plaintiffs, admitting that McDonald & Wagner were the agents of the said Bankers' Insurance Company; that the first premium was payable on delivery of the policy, and that McDonald & Wagner, in lieu of payment in cash, accepted said note for such premium, and denied all the other allegations in the answer.

On these pleadings and the evidence the cause was submitted to a jury and a verdict returned for the defendant. The usual motion for a new trial was filed, heard and overruled, and a judgment entered on the verdict. The plaintiffs in error seek a reversal of this judgment for the reason that the verdict of the jury and the judgment entered thereon are against the manifest weight of the evidence and contrary to law.

It is claimed by the defendant in error that there was a rebate in favor of him when he was permitted to give the note in suit for sixty days, without interest, in payment of the first premium on said policy in question.

We find from an examination of the bill of exceptions that the great weight of the evidence is to the effect that the contract for the policy and the amount of the premium was agreed upon before the execution of the note, and that the question of the time of the payment of the first premium could not have been and was not in any way an inducement to the defendant to take the policy.

The defendant claims that the note is void under favor of Section 9404 of the General Code, which is as follows:

"No life insurance company doing business in this state, or any officer, agent, solicitor, employee, or representative thereof, nor any other person, shall pay, allow, or give, or offer to pay, allow, or give, directly or indirectly, as an inducement to insurance, nor shall any person, co-partnership or corporation knowingly receive as such inducement to insurance, any rebate of premium payable on the policy or any special favor or advantage in the dividends or other benefits to accrue thereon, nor any special advantage in the date of a policy or date of issue thereof; or any valuable consideration or inducement whatso-

ever; or give or receive, sell or purchase, or offer to give or receive, sell or purchase, as inducement to insurance or in connection therewith, any stock, bonds, or other obligations or securities of any insurance company or other corporation, association, partnership, or individual." * * *

If we rely upon the facts as to the execution and delivery of the note in question, as disclosed by the testimony in the bill of exceptions, we have no hesitancy in saying that none of the provisions of said section of the code has been violated. The contract entered into by the defendant for said policy of insurance and the note executed and delivered by him for the first premium can not be set aside and held for naught, unless the same be established by clear and convincing evidence. The defendant made no complaint until after the note had become due, and not until after the payees had settled with the insurance company.

As to the misrepresentations claimed by the defendant in error, counsel earnestly urge that he did not receive the kind of policy he was led to believe he was getting; that the settlements shown and represented to be on similar policies were not only not similar, but were known by the agent not to be similar. It is not a question of opinion as to what the earnings of the company would be, but whether the representations as to the sameness of the policies were not only false, but known to be false by the agent and believed by the defendant. If the contention of the defendant is sound, then a recovery could not be had upon the note in suit because it was obtained in fraud of the rights of the defendant.

Fraud is never presumed, but must be established by clear and convincing evidence. This, as we view the testimony as shown in the bill of exceptions, has not been done—the burden of establishing the facts alleged in the answer being upon the defendant—and we think it has not been done by that degree of proof required by law.

From what we have already said it necessarily follows that in our opinion the note is founded upon a sufficient consideration, and therefore we need not discuss that question further.

We therefore find that the verdict of the jury was against the manifest weight of the evidence and contrary to law, and that the trial court erred in entering a judgment on the verdict. Finding error in the record prejudicial to the rights of the plaintiffs in error, the judgment of the common pleas court must be reversed, which is now done, and the cause is remanded to the court from whence it came for further proceedings.

SHIELDS, J., and POWELL, J., concur.