Houck, J.
The case now before us for judicial determination is one in error and comes from the common pleas court of Muskingum county. The parties stand in this court in the same relation to each other as in the court below.
The suit of plaintiff was based on a promissory note on which it claimed judgment for $152, with interest at six per cent, from April 9, 1914. The petition set forth that said note was executed by the defendant, payable to McDonald & Wagner, and bore the date of February 9, 1914, falling due in two months, with interest at six per cent, after maturity; and that plaintiff was the successor of the firm of McDonald & Wagner and. was, at the time of filing suit, the owner and holder of said note and entitled to recover on same.
The answer of defendant set up the following defenses:
1. That there was no consideration for the note.
2. That the note was given without interest until after due, which was done for the purpose of inducing the defendant to take an insurance policy on his life, for which the note in question was given in settlement of the first year’s premium.
3. That the defendant was induced to take said insurance by reason of certain false and fraudulent statements made to him by McDonald & Wagner, namely, that said policy, at its maturity, which was twenty years, would yield in cash about $5,000, providing the annual premiums were paid as provided- in the policy; that said representations and statements were false and known to be so by the original payees at the time they were made and at the time of the execution and delivery of said note.
*388 Plaintiff filed a reply to the answer, being, in effect, a general denial of all the material averments in the answer.
Trial was had to a jury and a verdict returned for the defendant. The usual motion for a new trial was filed and overruled by the court and judgment entered accordingly. The errors complained of, and for which a reversal of the judgment is sought, are two:
1. That the verdict and judgment are against the manifest weight of the evidence.
2. That the trial judge erred in his refusal to submit to the jury, after counsel had argued the case to the jury, certain written propositions of law, as requested on the part of plaintiff.
As to the first alleged error, we will state that this is the second time this case has been before us for review. The first time we reversed it for the reason that the verdict of the jury was clearly against the manifest weight of the evidence. (McDonald & Frasier v. Schervish, 6 Ohio App., 88.)
We have made a careful examination of the record now before us and find that the verdict of the jury was based upon the same evidence and proven facts as the verdict in the former trial, and, if we were not precluded from so doing, by the statute, and the decisions of our courts thereon, we would reverse it a second time for the same reason as in the first instance.
Section 11577, General Code, reads:
“The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on *389 the weight of the evidence against the same party in the s.ame case.”
This court as now constituted has passed upon this question and construed the above statute in the case of Fruit Dispatch Co. v. F. Lisey & Co., 4 Ohio App., 300. The supreme court of our state has also passed upon the same question, and. construed this statute, in the case of The Mahoning Valley Ry. Co. v. Santoro, Admr., 93 Ohio St., 53, where, at page 61, the court say:
“The sole and exclusive purpose of Section 11577 is to limit the number of reversals on the weight of the evidence by the same reviewing court. * * *
“By the constitution it.is said three must concur before you can reverse on the weight of the evidence. By the statute it is provided that you can thus reverse on the weight of the evidence but once. In this view of the case the constitutional provision and the statutory section are not only fairly reconcilable by a fair course of reasoning, but on the contrary there is no semblance of conflict or repugnancy between them.”
It is apparent from what we have already said that by statutory enactment and judicial decision the same court shall grant no more than one new trial on the weight of the evidence against the same party, and but one judgment of reversal on the weight of the evidence against the same party in the same case. It therefore follows that we are wholly without authority of law to reverse the judgment in the present case upon the ground that it is against the manifest weight of the evidence.
*390 Coming now to a discussion of the second ground of alleged error, we think the rule is well settled that all of the parties to a lawsuit are entitled to have the law, necessary for a proper determination of the issues presented, given to the jury in clear, plain, and unambiguous language applicable to the case' made by the proofs. And where the trial judge fully complies with this rule in his gene'ral charge to the jury, it is not error to refuse to give, after argument of counsel, special charges, if the substance of such charges is given in the court’s general charge.
From our examination of the general charge of the trial judge in the case at bar, we are convinced that he fully and completely submitted to the jury every proposition of law essential to the case, as raised by the pleadings and facts, necessary for a correct and proper determination of the rights of the parties to the case under review.
Further discussion of the errors complained of seems unnecessary. The record presents no errors prejudicial to the rights of plaintiff in error, and for that reason the judgment below is affirmed.

Judgment affirmed.

Powell and Shields, JJ., concur.