NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4089
_____

PBS COALS, INC.; ROCKWOOD CASUALTY INSURANCE COMPANY,
Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; KENNETH A. DAVIS,
Respondents
_____

On Petition for Review of an Order of the
Benefits Review Board
(BRB-1: 13-0545 BLA)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 17, 2015
_____

Before: SMITH, GREENAWAY, JR., and SHWARTZ, *Circuit Judges*.

(Opinion Filed:  July 20, 2015)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

PBS Coals Inc. ("PBS") and Rockwood Casualty Insurance Company, PBS's insurance carrier, (collectively, "Petitioners") petition for review of a decision and order of the Benefits Review Board (the "Board") granting coal miner Kenneth Davis ("Respondent" or "Davis") benefits under the Black Lung Benefits Act (the "Act"). 30 U.S.C. § 901 *et seq.*[1] We will deny the petition for review.

Davis was employed in the above-ground coal mining industry for twenty-four years. He timely filed a Miner's Claim for Benefits under the Act in April 2010. PBS timely requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ found that Davis established the existence of clinical pneumoconiosis based on x-ray evidence, pursuant to 20 C.F.R. § 718.202(a)(1). This invoked the rebuttable presumption of total disability due to pneumoconiosis set forth in Section 411(c)(4), 30 U.S.C. § 921(c)(4).[2] Once the presumption is invoked, it may be rebutted by establishing that the miner does not have pneumoconiosis or "that no part of the miner's respiratory or pulmonary total disability was caused by pneumoconiosis as defined in [20 C.F.R.] § 718.201." 20 C.F.R. § 718.305(d)(1). The ALJ concluded that PBS did not rebut the Section 411(c)(4) presumption because it failed to rule out coal dust as a cause of Davis's

[1] Under the Act, black lung benefits are provided "for or on behalf of miners who are totally disabled due to pneumoconiosis." 20 C.F.R. § 718.204(a). "[P]neumoconiosis means a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." *Id.* § 718.201(a).

[2] The ALJ determined that Davis had at least fifteen years of qualifying coal mining employment and that the medical opinion evidence established that Davis has a totally disabling respiratory or pulmonary impairment pursuant to 20 C.F.R. § 718.204(b)(2)(iv).

2

totally disabling impairment. On appeal, the Board affirmed the ALJ's conclusion that

PBS failed to rebut the Section 411(c)(4) presumption.

This timely petition for review followed.[3] On appeal, PBS's sole contention is

that the ALJ should have found that PBS established that Davis's impairment did not

arise from his coal mine employment. "[W]e must independently review the record 'and

decide whether the ALJ's findings are supported by substantial evidence.'" *Kertesz v.*

*Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir. 1986) (quoting *Walker v. Universal*

*Terminal & Stevedoring Corp.*, 645 F.2d 170, 172 (3d Cir. 1981)).[4]

"Under Third Circuit precedents, in order to rebut a presumption of

pneumoconiosis . . . the party opposing the award of benefits must '*rule out* a possible

causal connection between a miner's disability and his coal mine employment.'" *Plesh v.*

*Dir., OWCP*, 71 F.3d 103, 113 (3d Cir. 1995) (quoting *Kline v. Dir., OWCP*, 877 F.2d

---

[3]    "We have jurisdiction over the [Board]'s final order pursuant to 33 U.S.C.
§ 921(c), as incorporated by 30 U.S.C. § 932(a)." *Labelle Processing Co. v. Swarrow*, 72
F.3d 308, 310 (3d Cir. 1995).

[4]    Board determinations are reviewed only "for errors of law and to assure that it has
adhered to its own standard of review." *BethEnergy Mines, Inc. v. Dir., OWCP*, 39 F.3d
458, 462–63 (3d Cir. 1994). The decision of the ALJ must be affirmed by the Board if it
is supported by substantial evidence and is in accordance with the law. *See* 33 U.S.C.
§ 921(b)(3); *Oravitz v. Dir., OWCP*, 843 F.2d 738, 739 (3d Cir. 1988). Appellate review
thus necessarily entails an independent review of the record and a decision as to whether
the ALJ's findings are supported by substantial evidence. *Walker*, 645 F.2d at 172.
Substantial evidence is defined as "such relevant evidence as a reasonable mind might
accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401
(1971); *Kertesz*, 788 F.2d at 163.

1175, 1179 (3d Cir. 1989)).[5] PBS argues that the testimony of its experts Dr. Gregory Fino and Dr. Peter Kaplan satisfied its burden to "rule out" coal dust exposure as a cause of Davis's disability. However, this is directly contradicted by the expert testimony itself. Dr. Fino testified that the effect of coal mine dust was "not clinically significant" but that it "may be contributing [to] a numerical reduction in $FEV_1$."[6] App. 88. On cross-examination, Dr. Kaplan testified that coal dust contributed to "ten percent" of Davis's disability. App. 165–66.

Having determined that substantial evidence supports the decision of the ALJ, we also conclude that the Board properly applied its scope of review, and did not err by affirming the ALJ's award of benefits to Davis. For the foregoing reasons, we will deny the petition for review.

---

[5] The language of the regulation applicable here requires a showing that "no part of the miner's respiratory or pulmonary total disability was caused by pneumoconiosis." This language is effectively identical to the regulatory language at issue in *Plesh*; as such the "rule out" standard applies. *See W.Va. CWP Fund v. Bender*, 782 F.3d 129, 133–35 (4th Cir. 2015); *Antelope Coal Co./Rio Tinto Energy Am. v. Goodin*, 743 F.3d 1331, 1337 (10th Cir. 2014).

[6] $FEV_1$ is a common pulmonary function study that measures "forced expiratory volume in one [] second." App. 25.

4