849 F.2d 607
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herbert D. WALKER, Petitioner,
v.
UNITED POCAHONTAS COAL COMPANY; Director, Office of Workers
Compensation Programs, United States Department of
Labor, Respondents.
 No. 87-3614.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 26, 1988.
Decided: June 9, 1988.
 
 S.F. Raymond Smith (United Mine Workers of America), for petitioner.
 McGinnis Edward Hatfield, Jr.; Ronald Gene Ray, Sr. (Department of Labor), for respondents.
 Before K.K. HALL, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herbert D. Walker labored 30 years in the nation's coal mines. He retired in 1978 and, in 1979, applied for disability benefits provided under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945 [the Act]. The application was heard by an administrative law judge [ALJ] in 1985, who concluded that Walker was still capable of performing his usual coal mine work or comparable, gainful employment and was not, therefore, entitled to benefits under the Act. On appeal, the Benefits Review Board [BRB] affirmed the ALJ's decision. We reverse and remand with instructions.
 
 
 2
 * Black Lung disability benefits are payable to a miner if (i) he is totally disabled, (ii) the disability was caused, at least partially, by pneumoconiosis[1] and (iii) the disability arose out of coal mine employment. All three of these conditions are presumed if the miner was engaged in coal mine employment for at least ten years and meets one of four medical requirements: (1) a chest X-ray establishes the presence of pneumoconiosis; (2) ventilatory studies establish the presence of a respiratory or pulmonary disease--not necessarily pneumoconiosis--of a specified severity; (3) blood gas studies demonstrate the presence of an impairment in the transfer of oxygen from the lungs to the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory impairment. 20 C.F.R. Sec. 727.203 (1987); see Mullins Coal Co., Inc. v. Director, Officer of Workers' Compensation Programs, 56 U.S.L.W. 4044, 4045 (U.S. Dec. 14, 1987) (No. 86-327).
 
 
 3
 The medical evidence adduced at the hearing before the ALJ included
 
 
 4
 . Two chest X-rays interpreted as positive for pneumoconiosis by George L. Zaldivar, M.D., a "B" reader, and R.O. Gale, M.D., a board-certified radiologist and "B" reader.[2]
 
 
 5
 . Two pulmonary function tests, both producing non-qualifying results.[3]
 
 
 6
 . Two arterial blood-gas studies, both producing non-qualifying results.
 
 
 7
 . The expert examination reports of Drs. Zaldivar and M. Cardona, who concluded that claimant suffered pneumoconiosis.
 
 
 8
 Based upon the chest X-rays interpreted as positive for the presence of pneumoconiosis, the ALJ accorded Walker the evidentiary benefit of the regulatory presumption of total disability,[4] but found that the presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2) (1987) by Dr. Zaldivar's conclusion that Walker was still able to perform "a moderate amount of work which would include driving the continuous miner which was his job in the mines." Accordingly, the ALJ determined that Walker was not entitled to benefits; the BRB affirmed.
 
 II
 
 9
 The Benefits Review Board's scope of review of administrative law judges' decisions and orders is governed by statute and regulation:
 
 
 10
 The Benefits Review Board is not empowered to engage in a de novo proceeding or unrestricted review of a case brought before it. The Board is authorized to review the findings of fact and conclusions of law on which the decision or order appealed from was based. Such findings of fact and conclusions of law may be set aside only if they are not, in the judgment of the Board, supported by substantial evidence in the record considered as a whole or in accordance with law.
 
 
 11
 20 C.F.R. Sec. 802.301 (1987); 33 U.S.C. Sec. 921(b)(3), incorporated into the Act by 30 U.S.C. Sec. 932(a). Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir.1985); Wilson v. Benefits Review Board, 748 F.2d 198, 199-200 (4th Cir.1984). On appeal we consider, as did the Board, whether there was substantial evidence to support the ALJ's decision and order. See Amigo Smokeless Coal Co. v. Director, Office of Workers' Compensation Programs, 642 F.2d 68, 69 (4th Cir.1981); see also Zbosnik, 759 F.2d at 1189-90, and Eplion v. Director, Office of Workers' Compensation Programs, 794 F.2d 935, 936 (4th Cir.1986).
 
 
 12
 The regulations governing benefits for black lung disease set out a reasonably straightforward, analytical process that was not adhered to in this case. Walker established, by the positive X-ray reading, an evidentiary presumption that he was totally disabled by pneumoconiosis due to his coal mine employment. Unless that presumption was effectively rebutted in accordance with the regulations, Walker had accomplished all that was necessary to maintain his claim to benefits under the Act.
 
 
 13
 The regulations provide four, specific, evidentiary methods for rebutting the presumption of total disability due to coal mine employment. For rebuttal purposes it is immaterial under which of the regulatory bases the presumption is invoked. What is important is that
 
 
 14
 all relevant medical evidence must be considered and weighed, including, but not exclusively, nonqualifying X-rays, test results, and opinions, regardless of the section under which the presumption was invoked. This consideration is limited only by the single X-ray statute, 30 U.S.C. Sec. 923(b) (a claim may not be denied solely on the basis of one negative chest X-ray).
 
 
 15
 Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 427 (4th Cir.1986) (en banc) (emphasis in original), rev'd in part sub nom. Mullins Coal Co., Inc., v. Director, Office of Workers' Compensation Programs, 56 U.S.L.W. 4044 (U.S. Dec. 14, 1987) (No. 86-327).
 
 
 16
 The presumption is rebutted if, "considering all relevant medical evidence," 20 C.F.R. Sec. 727.203(b) (1987), the evidence establishes that the miner
 
 
 17
 . is, in fact, doing his usual coal mine work or comparable and gainful work, Sec. .203(b)(1); or,
 
 
 18
 . is able to do his usual coal mine work or comparable and gainful work, Sec. .203(b)(2); or,
 
 
 19
 . is disabled by a condition that did not arise in whole or in part out of coal mine employment, Sec. .203(b)(3); or,
 
 
 20
 . does not have pneumoconiosis, Sec. .203(b)(4).
 
 III
 
 21
 Unquestionably, Walker was not in fact doing his usual coal mine work; he ceased working in 1978 and there was no evidence in the record that he was performing comparable and gainful work. Thus, there was no rebuttal under Sec. .203(b)(1).
 
 
 22
 The next inquiry for the factfinder was whether "[i]n light of all relevant evidence it is established that [Walker] is able to do his usual coal mine work or comparable and gainful work." 20 C.F.R. Sec. 727.203(b)(2) (1987) (emphasis added). The ALJ determined that Walker was able to return as a continuous miner driver because an examining physician, Dr. Zaldivar, concluded that he has a "moderate, or 25%, pulmonary impairment" and could perform "a moderate amount of work which would include driving the continuous miner which was his job in the mines."
 
 
 23
 The BRB concluded this was substantial evidence for rebuttal of the interim presumption, and affirmed the ALJ's denial of disability benefits.
 
 
 24
 This was error.
 
 
 25
 The ALJ substituted the physician's judgment and conclusions for his own and allowed the physician's insufficiently-founded opinion to be dispositive of Walker's application for black lung benefits. Walker never applied to a physician for benefits; he applied to the United States Department of Labor and he is entitled to have that agency decide his eligibility:
 
 
 26
 The function of deciding whether ... an individual is totally disabled due to pneumoconiosis ... is the responsibility of the Administration. A statement by a physician that an individual is, or is not, "disabled," "permanently disabled," "totally disabled," "totally and permanently disabled," "unable to work," or a statement of similar import, being a conclusion upon the ultimate issue to be decided by the Administration, shall not be determinative of the question of whether ... an individual is under a disability....
 
 
 27
 20 C.F.R. Sec. 410.471 (1987) (emphasis added).
 
 
 28
 Further, in addressing rebuttal of the interim presumption under 20 C.F.R. Sec. 727.203(b)(2) we recently held that the least that is required for effective (b)(2) rebuttal is consideration of the physical demands and health requirements placed on a claimant by his work--"the plain words of the regulation mandate such consideration." Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890, 893 (4th Cir.1987); see also Adkins v. U.S. Department of Labor, Office of Workers' Compensation Programs, 824 F.2d 287, 290 (4th Cir.1987). The record does not disclose that such consideration was given to Walker's actual employment in this case.
 
 
 29
 The record is devoid of evidence evaluating the physical demands and health requirements of Walker's former work as a continuous miner driver. Walker testified before the ALJ in 1985, without contradiction, that his duties required heavy, manual labor at the mine face, including changing cutting bits, shoveling and loading coal, hanging canvas ventilation barriers, checking for atmospheric gas, checking for loose rock, cleaning the ramp at the coal-loading point, and mining coal, in spaces frequently as low as 36 inches and seldom higher than four feet. This evidence is merely a catalog of tasks Walker performed; it is not an evaluation of the physical exertion required to perform those tasks or of the impact Walker's pulmonary insufficiency would have on his ability to perform the tasks.
 
 
 30
 Without knowing the physical exertion required in the performance of his tasks, Dr. Zaldivar's conclusion in 1980 that Walker could perform "a moderate amount of work which would include driving the continuous miner which was his job in the mines" is conclusory and unsubstantiated; the record does not disclose that Dr. Zaldivar even was aware of the exertional demands or health requirements of Walker's coal mine work.
 
 
 31
 Dr. Zaldivar's reports must also be considered in light of the medical assessment Dr. Cardona made as part of his physical examination. Dr. Cardona diagnosed Walker as suffering coal workers' pneumoconiosis related to dust exposure in his coal mine employment, and rated his exertive limitations as follows:
 
 
 32
 (1) Walking (distance): "limitation"
 
 
 33
 (2) Climbing (stairs): "moderate"
 
 
 34
 (3) Lifting (weight): "severe"
 
 
 35
 (4) Carrying (weight & distance): "severe"
 
 
 36
 (5) Date on which these limitations were first manifested (month/year): "10 years, increasingly" Explanation: "none--miner for 30 years."
 
 
 37
 Dr. Cardona's report also concluded that Walker suffered "shortness of breath [and] cough with minimal exertion." The obvious divergences in the examining physicians' reports apparently were neither considered nor reconciled by the ALJ or the Board; indeed, Dr. Cardona's exertive assessments were not even mentioned in either the ALJ's or the Board's decision and order.
 
 
 38
 The incompleteness of the examining physician's reports, particularly the dearth of objective evidence of the physical demands and health requirements of Walker's usual coal mine work and the unreconciled disparity in their expert opinions, left the ALJ without a reasoned, documented, medical opinion or other substantial evidence upon which he could, consistent with the regulatory requirements, evaluate the miner's disability.
 
 
 39
 Thus, there is no substantial evidence for a finding and conclusion that the presumption of disability has been rebutted under 20 C.F.R. Sec. 727.203(b)(2) (1987) and the BRB's decision and order affirming the ALJ's denial of benefits must be reversed.
 
 
 40
 The employer presented no evidence to rebut the presumption under 20 C.F.R. Sec. 727.203(b)(3) (miner's disability did not arise in whole or in part from his coal mine employment). Accordingly, we need not remand this case for a determination whether the presumption of disability may be found rebutted under this provision of the regulations. Cf. Adkins v. U.S. Department of Labor, Office of Workers' Compensation Programs, 824 F.2d 287 (4th Cir.1987).
 
 
 41
 Therefore, pursuant to Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890 (4th Cir.1987), we reverse the BRB's affirmance of the ALJ's decision and order and remand this case to the Board for an award of benefits. We also find that the facts and legal arguments are adequately presented in the parties' briefs and joint-appendix and that the decisional process would not be significantly aided by oral argument; accordingly, we dispense with oral argument pursuant to Fed.R.App.P. 34(a) and Loc.R. 34(a).
 
 
 42
 REVERSED AND REMANDED.