865 F.2d 1257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Floyd CHURCH, Petitioner,
v.
VIRGINIA POCAHONTAS COAL COMPANY; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 88-3812.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 29, 1988.
Decided: Jan. 6, 1989.
 
 Floyd Church, petitioner pro se.
 James Michael O'Neill, Michelle Seyman Gerdano, Barbara J. Johnson (United States Department of Labor), for respondents
 Before WIDENER, K.K. HALL and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Floyd Church has petitioned for review of a decision and order of the Benefits Review Board [BRB, or the Board] which affirmed an order of an administrative law judge [ALJ] denying his application for coal miners' disability benefits available under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945 [the Act]. The application was heard by an administrative law judge [ALJ] in 1984, who concluded that Church was still capable of performing his usual coal mine work or comparable, gainful employment and was not, therefore, entitled to benefits under the Act. We affirm the BRB's decision and order.
 
 
 2
 * Black Lung disability benefits are payable to a miner if (i) he is totally disabled, (ii) the disability was caused, at least partially, by pneumoconiosis[1] and (iii) the disability arose out of coal mine employment. All three of these conditions are presumed if the miner was engaged in coal mine employment for at least ten years and meets one of four medical requirements: (1) a chest X-ray establishes the presence of pneumoconiosis; (2) ventilatory studies establish the presence of a respiratory or pulmonary disease--not necessarily pneumoconiosis--of a specified severity; (3) blood gas studies demonstrate the presence of an impairment in the transfer of oxygen from the lungs to the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasonable medical judgment, establishes the presence of a totally disabling respiratory impairment. 20 C.F.R. Sec. 727.203 (1987); see Mullins Coal Co., Inc. v. Director, Office of Workers' Compensation Programs, 56 U.S.L.W. 4044, 4045 (U.S. Dec. 14, 1987) (No. 86-327).
 
 
 3
 The medical evidence adduced at the hearing before the ALJ included
 
 
 4
 Interpretations of six chest X-rays taken between July 1978 and June 1981. Five of the six were interpreted as positive for the presence of pneumoconiosis in Church's lungs.
 
 
 5
 The non-qualifying[2] results of a series of pulmonary function tests.
 
 
 6
 The non-qualifying results of a series of blood gas tests.
 
 
 7
 The opinion of an examining physician, Dr. F.L. Garzon, who is board-certified in internal medicine.
 
 
 8
 Based upon the positive chest X-rays, the ALJ accorded Church the evidentiary benefit of the regulatory presumption of total disability, but found that the presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2) by the expert opinion of Dr. F.L. Garzon that Church suffered chronic bronchitis, rather than pneumoconiosis, and that he "retains the physiological respiratory capacity to perform ... [his usual coal mining] duties." Accordingly, the ALJ determined that Church was not entitled to benefits; the BRB affirmed.
 
 II
 
 9
 The Benefits Review Board's scope of review of administrative law judges' decisions and orders is governed by statute and regulation:
 
 
 10
 The Benefits Review Board is not empowered to engage in a de novo proceeding or unrestricted review of a case brought before it. The Board is authorized to review the findings of fact and conclusions of law on which the decision or order appealed from was based. Such findings of fact and conclusions of law may be set aside only if they are not, in the judgment of the Board, supported by substantial evidence in the record considered as a whole or in accordance with law.
 
 
 11
 20 C.F.R. Sec. 802.301 (1987); 33 U.S.C. Sec. 921(b)(3), incorporated into the Act by 30 U.S.C. Sec. 932(a). Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir.1985); Wilson v. Benefits Review Board, 748 F.2d 198, 199-200 (4th Cir.1984).
 
 
 12
 In reviewing decisions of the Benefits Review Board, we consider, as did the Board, whether there was substantial evidence to support the ALJ's decision and order. See Amigo Smokeless Coal Co. v. Director, Office of Workers' Compensation Programs, 642 F.2d 68, 69 (4th Cir.1981); see also Zbosnik, 759 F.2d at 1189-90, and Eplion v. Director, Office of Workers' Compensation Programs, 794 F.2d 935, 936 (4th Cir.1986).
 
 
 13
 The regulations governing benefits for black lung disease set out a reasonably straightforward, analytical process that was sufficiently honored in this case. Church established, by the positive X-ray readings, that he presumably was totally disabled by pneumoconiosis due to his coal mine employment. Unless that presumption was effectively rebutted in accordance with the regulations, Church had accomplished all that was necessary to maintain his claim to benefits under the Act.
 
 
 14
 The regulations provide four, specific, evidentiary methods for rebutting the presumption of total disability due to coal mine employment. For rebuttal purposes it is immaterial under which of the regulatory bases the presumption is invoked. What is important is that
 
 
 15
 all relevant medical evidence must be considered and weighed, including, but not exclusively, nonqualifying X-rays, test results, and opinions, regardless of the section under which the presumption was invoked. This consideration is limited only by the single X-ray statute, 30 U.S.C. Sec. 923(b) (a claim may not be denied solely on the basis of one negative chest X-ray).
 
 
 16
 Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 427 (4th Cir.1986) (en banc) (emphasis in original), rev'd in part sub nom. Mullins Coal Co., Inc., v. Director, Office of Workers' Compensation Programs, 56 U.S.L.W. 4044 (U.S. Dec. 14, 1987) (No. 86-327).
 
 
 17
 The presumption is rebutted if, "considering all relevant medical evidence," 20 C.F.R. Sec. 727.203(b), the evidence establishes that the miner
 
 
 18
 is, in fact, doing his usual coal mine work or comparable and gainful work, Sec. .203(b)(1); or,
 
 
 19
 is able to do his usual coal mine work or comparable and gainful work, Sec. .203(b)(2); or,
 
 
 20
 is disabled by a condition that did not arise in whole or in part out of coal mine employment, Sec. .203(b)(3); or,
 
 
 21
 does not have pneumoconiosis, Sec. .203(b)(4).
 
 III
 
 22
 When his case was heard before the ALJ in July 1984, Church was then still performing his usual coal mine work, which he testified to as "... working on the belt," albeit with difficulties he described as chest pains, wheezing, coughing, inability to sleep restfully, vomiting on arising, and shortness of breath. In his testimony before the ALJ and in statements made to Dr. Garzon during an examination, Church adequately described his coal mining tasks, their physical demands, and their exertional requirements. Dr. Garzon stated in deposition testimony before the ALJ that he expressly considered the tasks listed and described by Mr. Church in forming a conclusion as to his ability to perform his usual mining work.[3]
 
 
 23
 Based upon Church's description of his coal mining work and the expert opinion of Dr. Garzon that Church had no significant pulmonary impairment, the ALJ found and concluded that Church was still able to perform his usual coal mining duties as a beltman. Thus, the ALJ found the interim presumption sufficiently rebutted under 20 C.F.R. Sec. 727.203(b)(2).
 
 
 24
 The BRB concluded this was substantial evidence for rebuttal of the interim presumption, and affirmed the ALJ's denial of disability benefits.
 
 
 25
 Based on our review of the entire record and the parties' briefs, we cannot say that the BRB erred in affirming the ALJ's denial of benefits. The record discloses that the ALJ carefully reviewed all the medical evidence in arriving at his conclusion, and that his conclusion is based on substantial evidence and is in accordance with law. Church's informal, pro se brief does not suggest any error in the proceedings below; rather he simply asks in his brief that this Court "reverse the decision of the Benefits Review Board."
 
 
 26
 Consequently, we affirm the Benefits Review Board's affirmance of the administrative law judge's denial of disability benefits for Floyd Church. Because the petitioner expressly waived demand for oral argument, we dispense with argument.
 
 
 27
 AFFIRMED.
 
 
 
 [1]
 Pneumoconiosis is defined as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairment, arising out of coal mine employment ... including any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or aggravated by, dust exposure in coal mine employment." 20 C.F.R. Sec. 727.202 (1987)
 
 
 [2]
 I.e., producing values less than the minima established by regulations for invoking the presumption of total disability due to pneumoconiosis arising from coal mine employment. See 20 C.F.R. Sec. 718, Apps. A, B, and C, and Sec. 727.203
 
 
 [3]
 In addressing rebuttal of the interim presumption under 20 C.F.R. Sec. 727.203(b)(2), we recently held that the least that is required for effective (b)(2) rebuttal is consideration of the physical demands and health requirements placed on a claimant by his work--"the plain words of the regulation mandate such consideration." Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890, 893 (4th Cir.1987); see also Adkins v. U.S. Department of Labor, Office of Workers' Compensation Programs, 824 F.2d 287, 290 (4th Cir.1987)