979 F.2d 848
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Matthew JUSTUS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 92-1998.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 26, 1992
Decided: November 18, 1992
 
 On Petition for Review of an Order of the Benefits Review Board.
 Matthew Justus, Petitioner Pro Se.
 Barbara J. Johnson, Sarah Marie Hurley, United States Department of Labor, Washington, D.C., for Respondent.
 Ben. Rev.Bd.
 VACATED AND REMANDED.
 Before PHILLIPS, MURNAGHAN, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Matthew Justus, a former coal miner, appeals from a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") decision to deny his application for black lung benefits. The ALJ adjudicated the claim pursuant to Part 727 of the applicable regulations and found that Justus invoked the interim presumption pursuant to 20 C.F.R. § 727.203(a)(1) (1991) based on the X-ray evidence of record. The ALJ further determined, however, that the Director, Office of Workers' Compensation Programs ("Director"), established rebuttal pursuant tos 727.203(b)(2) and (3). The Director concedes on appeal that the evidence was insufficient to establish rebuttal pursuant to subsection (b)(2), but contends that the record supports the ALJ's finding of subsection (b)(3) rebuttal. We vacate and remand.
 
 
 2
 To establish rebuttal pursuant to subsection (b)(3), the Director bore the burden of showing that Justus's presumed totally disabling respiratory impairment did not arise in whole or in part out of coal mine employment; i.e., the Director was required to"rule out" the connection between total disability and coal mine employment. See Adkins v. Department of Labor, 824 F.2d 287, 290 (4th Cir. 1987); Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir. 1984). In finding that the Director established rebuttal, the ALJ rejected Dr. Cardona's finding of a totally disabling pulmonary impairment secondary to coal workers' pneumoconiosis in favor of the purportedly conflicting opinions of Drs. Sutherland, Spagnolo, and Abernathy.
 
 
 3
 None of these physicians expressly ruled out any connection between the miner's presumed impairment and pneumoconiosis. Dr. Sutherland diagnosed pneumoconiosis and did not address the issue of disability. Dr. Spagnolo, a non-examining physician, found that Justus did not have a totally disabling breathing impairment and could perform coal mine employment from a respiratory or pulmonary standpoint. He opined that Justus's underlying heart disease might be responsible for some of his dyspnea and chest pain. These findings, however, merely indicate that the miner's pneumoconiosis was not disabling by itself and that his heart problems may contribute to his symptoms. They do not rule out any connection between the miner's disability and his coal mine employment.
 
 
 4
 Similarly, Dr. Abernathy's finding that Justus should be able to resume work in the mines insofar as his lungs were concerned focuses upon the miner's pulmonary condition in a vacuum and does not rule out the possibility that pneumoconiosis has contributed to some other impairment to disable the miner. We note further that Dr. Abernathy's 1988 report is in conflict with his 1980 report. In 1980, Dr. Abernathy unequivocally diagnosed coal workers' pneumoconiosis. In 1988, however, he found that if the miner did have pneumoconiosis, it was difficult to see on X-ray, and that if the miner did have bronchitis, it was causing him no impairment and was probably due to house or road dust rather than coal dust exposure.
 
 
 5
 While we agree with the Director's position that a showing that the miner suffered from no respiratory or pulmonary impairment could establish rebuttal pursuant to subsection (b)(3), see Oravitz v. Director, Office of Workers' Compensation Programs, 843 F.2d 738 (3d Cir. 1988) (Seitz, J. dissenting); Marcum v. Director, Office of Workers' Compensation Programs, 11 BLR 1-23 (1987), neither the decision of the Board nor the ALJ indicate that they found rebuttal based on a showing that the miner had no impairment. Moreover, Dr. Abernathy is the only physician relied upon by the ALJ who arguably found that the miner had no respiratory or pulmonary impairment, and his report is directly contradicted by the report of Dr. Cardona.
 
 
 6
 We also conclude that the ALJ relied on improper grounds in rejecting Dr. Cardona's findings regarding the etiology of Justus's impairment. Although Dr. Cardona's objective studies produced nonqualifying values, we note that objective studies are not ordinarily diagnostic of the etiology of a miner's impairment. The ALJ also faulted Dr. Cardona's report for failing to account for the miner's heart problems, but the contribution of the miner's heart problems is immaterial so long as pneumoconiosis also played a role in the miner's disability, and Dr. Cardona found the miner's pulmonary impairment to be disabling by itself. Finally, while the ALJ's observation that Dr. Cardona relied upon an exaggerated work history is relevant, we note that this fact is of diminished importance where, as here, the history relied upon was nonetheless very substantial (twentythree years), and where the doctor clearly also relied on the absence of any other logical causative agents based on the miner's work and health history. Dr. Cardona specifically noted that the miner had no other exposure to dusty environments and had never smoked cigarettes.
 
 
 7
 We therefore vacate the decision of the Board and remand the case to the Board for further remand to the ALJ for further consideration consistent with this opinion. If the ALJ should find that subsection (b)(3) is established based on a showing of no impairment, he should analyze the evidence from that perspective. We note the dearth of evidence directly relevant to this issue and that Justus requested, subsequent to the hearing before the ALJ and on appeal to this Court, to submit new medical evidence. The ALJ may therefore find it prudent to reopen the record for the submission of additional medical evidence. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED