Joseph ORAVITZ, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 87–3443.

United States Court of Appeals, Third Circuit.

Argued Jan. 7, 1988.

Decided March 31, 1988.

Rehearing Denied June 9, 1988.

Sandor Yelen, Ronald P. Sweeda (argued), Wilkes–Barre, Pa., for petitioner.

George R. Salem, Donald S. Shire, Barbara J. Johnson (argued), Thomas L. Holzman, Roscoe C. Bryant, III, U.S. Dept. of Labor, Office of the Solicitor, Washington, D.C., for respondent.

Before SEITZ, HUTCHINSON and GARTH, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

Joseph Oravitz petitions for review of a Benefits Review Board (BRB) decision denying him benefits under the Black Lung Benefits Act, 30 U.S.C.A. §§ 901–960 (West 1986).[1] The BRB affirmed an Administrative Law Judge's (ALJ's) order denying benefits. After affording Oravitz the benefit of an interim presumption of total disability on x-ray evidence of pneumoconiosis coupled with more than ten years exposure in coal mine employment, the ALJ held that the Director had rebutted this presumption. In support of rebuttal, the ALJ cited physicians' and test evidence purportedly demonstrating that Oravitz did not suffer from any respiratory impairment and that he is not totally disabled from pneumoconiosis as sufficient to show that Oravitz was able to perform as a miner. The governing regulations do not contemplate rebuttal by this means. We will therefore reverse the BRB's order.

From October 1946 to May 1960, Oravitz worked for the Hudson Coal Company (Hudson) as a slate picker, repairman, timberman and mason. At the ALJ hearing, he testified to exposure to a significant amount of coal dust during the years spent in Hudson's employ. Unfortunately, as was so often the case, he was not given any protective breathing equipment. After the close of the Hudson operation, Oravitz worked as a maintenance man for a bank. He filed a claim for benefits on December 6, 1977.

The medical evidence pertaining to Oravitz's claim consists of the following. The record contains three qualifying x-ray interpretations and two qualifying physicians' opinions.[2] However the record in-

---

1. We have jurisdiction pursuant to 30 U.S.C.A. § 932(a), incorporating 33 U.S.C.A. § 921(c) (West 1986).

2. The term "qualifying" refers to positive medical evidence which, in the absence of contrary evidence of the same type, would be sufficient to invoke the interim presumption of disability. *See infra; see also Mullins Coal Co. of Va. v. Director, Office of Workers' Compensation Programs,* — U.S. —, 108 S.Ct. 427, 432 n. 14, 98 L.Ed.2d 450 (1987).

cludes three non-qualifying ventilating studies, three non-qualifying blood gas studies and two non-qualifying physicians' opinions. Citing the x-ray evidence and the fact that Oravitz had worked as a miner for more than ten years, the ALJ held that Oravitz was entitled to rely upon the interim presumption of total disability. However, relying upon the evidence which failed to demonstrate significant impairment, the ALJ concluded that the Director had successfully rebutted the interim presumption of total disability. The BRB affirmed. This petition for review followed.

The Department of Labor has, pursuant to statute, 30 U.S.C.A. § 921(b), (c), promulgated regulations establishing an interim presumption of total disability. A miner who has worked in coal mine employment for at least ten years will be presumed to be totally disabled due to pneumoconiosis if one of the following requirements is met: (1) an x-ray reading indicates the presence of the disease; (2) ventilatory studies establish the presence of chronic respiratory or pulmonary disease; (3) blood gas studies demonstrate impairment in the transfer of oxygen; or (4) the documented opinion of a physician establishes total impairment. 20 C.F.R. § 727.203(a) (1987). Here, the Director does not dispute the ALJ's invocation of the interim presumption based upon the x-rays revealing the presence of pneumoconiosis. Cf. Mullins Coal Co. of Va. v. Director, Office of Workers' Compensation Programs, — U.S. —, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987) (one item of qualifying evidence not always sufficient to invoke interim presumption).

After the interim presumption arises, it may be rebutted should one of four criteria be established:

(b) *Rebuttal of interim presumption.* In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:

(1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work (see § 410.412(a)(1) of this title); or

(2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work (see § 410.412(a)(1) of this title); or

(3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or

(4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.

20 C.F.R. § 727.203(b) (1987) (emphasis in original). Since Mr. Oravitz is not employed in any capacity, subsection (b)(1) is not germane to this discussion.

In the instant case, the ALJ found the interim presumption rebutted. Without specifying which rebuttal provision controls, the ALJ concluded, "I find that the interim presumption has been rebutted, and further that Claimant is not totally disabled because of pneumoconiosis." App. at 8. In so holding, the ALJ relied upon the non-qualifying evidence which indicates that Oravitz may not be totally impaired. Despite the fact that the ALJ had invoked the interim presumption of total disability he concluded, employing the same evidence available when he determined the presumption, that the miner was not totally disabled due to pneumoconiosis.

The ALJ's findings of fact are conclusive upon the BRB if they are supported by substantial evidence. *Kertesz v. Crescent Hills Coal Co.,* 788 F.2d 158, 162 (3d Cir. 1986). Our review of decisions of the BRB is limited to a determination as to whether an error of law has been committed and whether the BRB has adhered to its scope of review. *Id.; Old Ben Coal Co. v. Prewitt,* 755 F.2d 588, 589–90 (7th Cir.1985).

Oravitz argues that the ALJ erred in disallowing his benefits claim by finding an absence of total disability after invoking the interim presumption. He contends that the governing regulatory scheme does not contemplate rebuttal in this fashion. The Director, on the other hand, asserts that rebuttal subsection (b)(2) can accommodate a finding that the miner is not totally dis-

abled due to pneumoconiosis.[3] Because the language of subsection (b)(2) does not provide for rebuttal by this means, we disagree.

Subsection (b)(2) allows rebuttal of the interim presumption when "it is established that the individual is able to do his usual mine work or comparable and gainful work." 20 C.F.R. § 727.203(b)(2). This provision is limited to proof demonstrating that the miner is suited for employment in the mines or a comparable position. The ALJ's examination of non-qualifying medical evidence to support a subsection (b)(2) rebuttal was error. This evidence is not probative on the issue of whether the miner can perform the heavy labor of a coal miner. The Director did not rebut Oravitz's presumed entitlement to benefits.

Insistence upon compliance with the regulations is consistent with the decisions of other Courts of Appeals which have addressed this problem. *See, e.g., Sykes v. Director, Office of Workers' Compensation Programs*, 812 F.2d 890, 893 (4th Cir. 1987) (plain language of subsection (b)(2) requires consideration of miner's ability to perform work, medical evidence demonstrating no impairment cannot be equated with such ability); *York v. Benefits Review Bd.*, 819 F.2d 134, 137 (6th Cir.1987) (pulmonary function tests, blood gas studies and physician's opinion that claimant not totally disabled not relevant when considering miner's ability to do mining or comparable work). *See also Wright v. Island Creek Coal Co.*, 824 F.2d 505, 508 (6th Cir.1987) (interim presumption may not be rebutted under subsection (b)(2) on evidence miner not totally disabled); *Adkins v. United States Dep't of Labor*, 824 F.2d 287, 289 (4th Cir.1987) (subsection (b)(2) limited to consideration of whether miner

able to do usual coal mine or comparable work); *Wetherill v. Director, Office of Worker's Compensation Programs*, 812 F.2d 376, 379 (7th Cir.1987) (dictum) (plain language of subsection (b)(2) limits rebuttal consideration to ability to do work).

The Director is correct in arguing that we should give deference to his interpretation of the regulations proffered by the Secretary of Labor. *See, e.g., Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945); *Disabled in Action of Pa. v. Sykes*, 833 F.2d 1113, 1117 (3d Cir.1987). However, such deference does not afford the Director the opportunity to rewrite the regulations through interpretation. Until an agency either rewrites or rescinds its regulations, it must abide by them. *United States v. Nixon*, 418 U.S. 683, 695–96, 94 S.Ct. 3090, 3100–01, 41 L.Ed.2d 1039 (1974).[4]

Because the Director did not rebut Oravitz's presumed entitlement to benefits, we will reverse the order of the Benefits Review Board.

SEITZ, Circuit Judge, dissenting.

The majority holds that the interim presumption was not rebutted because the ALJ's finding that there was no respiratory impairment was insufficient to rebut the presumption under 20 C.F.R. § 727.203(b)(2). I think that the ALJ's finding was sufficient to rebut the presumption under 20 C.F.R. § 727.203(b)(3), and I dissent because I cannot agree with the majority's statement in footnote three that the Director relies only on 20 C.F.R. § 727.203(b)(2). Rather, I interpret the Director's brief as stating a preference for resolution of this issue under subsection (b)(2), but not ruling out a determination

3. Although subsection (b)(3) (total disability or death ... did not arise ... out of coal mine employment), is arguably relevant to this analysis, the Director only relies upon subsection (b)(2). We note that (b)(3) assumes total disability and limits rebuttal to those instances where the disability was caused by some other disease. *Kertesz*, 788 F.2d at 162 n. 5; *Wetherill v. Director, Office of Workers' Compensation Programs*, 812 F.2d 376, 380 (7th Cir.1987). Here, the Director challenges the total disability and no other cause of the impairment has been

advanced. Subsection (b)(4) allows rebuttal if it can be shown that the miner does not have pneumoconiosis. *Kertesz*, 788 F.2d at 162 n. 5. There is no dispute over the fact that Mr. Oravitz has pneumoconiosis.

4. Because we reverse the order of the BRB on these grounds, we do not find it necessary to deal with the second issue raised by the appellant respecting sustantial evidence.

under subsection (b)(3). In so concluding, I rely on the Director's statement in his brief that "[t]his Court may affirm the ALJ's rebuttal finding under either subsection [(b)(2) or (b)(3)]." Indeed, the Director cites several cases in which the presumption was rebutted under subsection (b)(3), but notes that he believes that this court should find rebuttal pursuant to (b)(2) rather than (b)(3). In sum, I cannot conclude that the Director has eschewed (b)(3) rebuttal.

The ALJ adopted Dr. Sahillioglu's finding of no respiratory impairment, found that the interim presumption had been rebutted, and found that the claimant was not totally disabled because of pneumoconiosis. In light of these findings, the BRB held that the presumption had been rebutted under 20 C.F.R. § 727.203(b)(2). While I agree with the BRB's conclusion that the presumption has been rebutted, I find that it has been rebutted under 20 C.F.R. § 727.203(b)(3).

Subsection (b)(3) provides that the presumption can be rebutted "if the evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment." 20 C.F.R. § 727.203(b)(3). A finding of no respiratory impairment logically compels the conclusion that there *is* no total disability which arises even in part out of coal mine employment. Thus, the presumption was rebutted.