**Manuel GONZALES, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR.**

No. 88–3559.

United States Court of Appeals, Third Circuit.

Argued Jan. 31, 1989.

Decided March 13, 1989.

Maureen Hogan Krueger (argued), Meadowbrook, Pa., for petitioner.

George R. Salem, Solicitor of Labor, Donald R. Shire, Associate Sol., Barbara J. Johnson, Appellate Litigation Counsel, Rodger S. Pitcairn (argued), U.S. Dept. of Labor, Washington, D.C., for respondent.

Before HUTCHINSON, SCIRICA and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Manuel Gonzales petitions this court for review of a decision of the Benefits Review Board (BRB) denying him benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945. The sole issue on appeal is whether respondent Director has successfully rebutted an interim presumption that Gonzales was totally disabled due to pneumoconiosis. The BRB affirmed a finding by the Administrative Law Judge (ALJ) that the Director rebutted the presumption of total disability with evidence that Gonzales was able to perform his usual coal mining employment. The proof consisted of a general conclusion by a single physician that Gonzales suffered no impairments from the disease. Since the physician reached this conclusion without any consideration of Gonzales' prior coal mining work, we hold that the Director did not present substantial evidence to rebut the presumption of total disability. Accordingly, we reverse the order of the BRB.

## I.

Gonzales filed his petition for federal black lung benefits in 1979. After the claim was administratively rejected by the Department of Labor, the matter was referred to an ALJ for a formal hearing in 1984. The Director did not contest whether Gonzales had pneumoconiosis; instead he challenged Gonzales' assertions relating to the length of his coal mine employment, the causal relationship between his coal mine employment and his pneumoconiosis, his total disability and the relation of his disability to the presence of pneumoconiosis. Form CM–1025, April 6, 1984, Appendix at 37a–38a. The hearing took place in July, 1986. At the hearing Gonzales established that he had worked in the mines for at least ten years. That finding, combined with the Director's concession that Gonzales was suffering from pneumoconiosis, invoked the interim presumption of total disability. 20 C.F.R. § 727.203(a)(1). The inquiry then shifted to the issue of whether the interim presumption was rebutted by evidence that Gonzales was capable of performing his usual coal mine work. 20 C.F.R. § 727.203(b)(2).

Gonzales testified that in the period between 1946 and 1957 his job was to push a

buggy loaded with coal along a track about three hundred feet long to a slope where the buggy was hooked onto a cable and taken out to the surface. One other person helped him to push the cars, which Gonzales estimated weighed about one thousand pounds. He also stated that he spent seven to eight hours per day performing this task. Transcript of Hearing, 7/8/86, Appendix at 43a–44a.

Both sides presented medical evidence concerning whether Gonzales was totally disabled. Gonzales relied on a report by Dr. Raymond Kraynak dated June 16, 1986 in which Dr. Kraynak concluded that Gonzales was totally disabled, stating that "[h]e is unable to lift or carry, climb steps or walk for any period of time. He must be able to sit, stand, and lay down at his leisure, secondary to his severe respiratory problems." Appendix at 35a. The Director based his rebuttal evidence on a report prepared by Dr. Robin Kaplan on June 5, 1986. Dr. Kaplan disputed the finding that Gonzales suffered from pneumoconiosis. He concluded that Gonzales suffered "no respiratory impairment", that there were "no limitations" which would prevent him from performing his last coal mining duties, and that Gonzales suffered no other non-respiratory impairments. Appendix at 25a–26a. In answering the questions on the questionnaire accompanying the Department of Labor's medical examination form, Dr. Kaplan did not indicate that he was aware of Gonzales' coal mining duties, nor did he state any underlying facts to support his conclusions. He stated in the report that Gonzales was capable of walking a distance of one mile, that he could climb ten stairs and that he could lift and carry weights ranging from twenty-five to fifty pounds a distance of ten feet. Appendix at 23a.

On October 31, 1986, the ALJ issued a Decision and Order rejecting Gonzales' claim. The ALJ determined that Dr. Kaplan's report was sufficient to rebut the interim presumption. She noted that Dr. Kaplan, as a registered pulmonary specialist, was better qualified than Dr. Kraynak, a general practitioner, to render a reasoned opinion concerning Gonzales' ability to per-

form his normal coal mine work. Appendix at 4a. She also rejected Dr. Kraynak's report as unpersuasive since it raised doubts regarding "the medical acceptability and reliability of the documentation on which Dr. Kraynak based his opinion." *Id.* The ALJ did not discuss Gonzales' normal coal mine work, nor whether he was still able to perform that particular type of work.

Gonzales appealed the Decision and Order of the ALJ to the BRB. The BRB affirmed, noting in its opinion that the ALJ did not err when she failed to analyze the specific requirements of Gonzales' coal mine work: "Because Dr. Kaplan concluded that claimant suffers from no limitations or impairment, a comparison of the exertional requirements of claimant's usual coal mine employment was not required to assess the sufficiency of Dr. Kaplan's report under subsection (b)(2)." Appendix at 5a, (citation omitted). This timely petition for review followed. We have jurisdiction pursuant to 33 U.S.C. § 921(c) and 30 U.S.C. § 932(a).

## II.

Gonzales argues that the ALJ and the BRB erred in relying on the report of Dr. Kaplan to rebut the interim presumption of total disability. He claims that a statement of "no impairment" in Dr. Kaplan's report is insufficient to rebut the presumption since it does not consider the nature of his normal coal mine work. He further contends that Dr. Kaplan's conclusions regarding Gonzales' functional capacities do not satisfy the Director's obligation to show that the claimant is capable of performing his normal coal mine work or comparable work. The Director takes the position that the finding of no impairments logically compels the conclusion that Gonzales is capable of performing his normal coal mine work.

Our review of the decision of the BRB is limited to a determination as to whether an error of law has been committed and whether the BRB has adhered to the statutory standard of review. *Hillibush v. U.S.*

*Department of Labor, Benefits Review Board*, 853 F.2d 197, 202 (3d Cir.1988). The factual findings of the ALJ are binding if they are supported by substantial evidence in the record considered as a whole. *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir.1986); 33 U.S.C. § 921(b)(3). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* "Since the Black Lung Act should be liberally construed to assure widespread benefits to miners disabled by black lung disease, 'the party opposing an award of benefits must point to persuasive evidence' to rebut an interim presumption of disability." *Kertesz*, 788 F.2d at 163, citing *Pavesi v. Director, Office of Workers Programs*, 758 F.2d 956, 964–65 (3d Cir.1985).

The regulations promulgated by the Department of Labor provide that once the interim presumption of total disability has been established, the Director may rebut the presumption with proof under one of the four criteria set forth in 20 C.F.R. § 727.203(b). Here, the Director relied on subsection (b)(2), which provides:

> (b) *Rebuttal of interim presumption.* In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:
>
> ....
>
> (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work (see § 410.412(a)(1) of this title)
>
> ....

In *Oravitz v. Director, Office of Workers' Compensation Programs*, 843 F.2d 738 (3d Cir.1988), this court considered the quality of evidence necessary to successfully rebut the presumption of total disability under subsection (b)(2). There, the court found that the Director had not rebutted the interim presumption with medical evidence that Oravitz was not suffering from any respiratory impairment due to pneumoconiosis, and reversed an ALJ and BRB decision which held that the finding of "no respiratory impairment" was sufficient proof that Oravitz was able to perform his usual coal mine work. We concluded that the evidence permissible under subsection (b)(2) "is limited to proof demonstrating that the miner is suited for employment in the mines or a comparable position. The ALJ's examination of non-qualifying medical evidence to support a subsection (b)(2) rebuttal was error. This evidence is not probative on the issue of whether the miner can perform the heavy labor of a coal miner". *Id.* at 740. Similarly, in *Sykes v. Director, Office of Workers' Compensation Programs*, 812 F.2d 890 (4th Cir.1987), the Fourth Circuit Court of Appeals also stated its disapproval of a general finding of "no impairment" to support rebuttal under subsection (b)(2):

> A mere finding of "no impairment" under the American Medical Association standards cannot be equated with a finding that a claimant can continue to perform coal mining work.... At the least, for an employer to rebut the interim presumption under § 727.203(b)(2), consideration should be given to the health requirements for work comparable to that performed by the claimant. The plain words of the regulation mandate such consideration.

*Sykes*, 812 F.2d at 893 (citation omitted).

Here, we have no indication that Dr. Kaplan either knew of or considered the exertional requirements of Gonzales' last coal mine work, which consisted of pushing loaded coal cars weighing approximately one thousand pounds.[1] Thus, Dr. Kaplan's conclusions regarding Gonzales' ability to walk a distance of one mile, climb ten stairs and carry a twenty-five pound weight a

---

1. The Director argues that Dr. Kaplan did in fact consider Gonzales' normal coal mine work when he completed his report. The record does not support this allegation. The section in the report dealing with Gonzales' employment history only gives a cursory summary of his work requirements, with no reference to the amount of weight that he was required to push. Appendix 21a. Those details were provided by Gonzales when he testified at the hearing some four weeks after the completion of the report. Appendix 42a–43a.

distance of ten feet are hardly probative of whether Gonzales can perform "the heavy labor of a coal miner". *Oravitz*, 843 F.2d at 740. This evidence is inadequate to establish that Gonzales is capable of performing his normal coal mine work, and actually may be more probative of a finding that Gonzales is totally disabled, since he is limited to performing the functions listed in Dr. Kaplan's report.

■ The Director seeks to distinguish *Oravitz, Sykes* and other cases which have held that a physician's opinion that a claimant suffers no impairment is not sufficient to rebut the interim presumption under subsection (b)(2). *See e.g. Wright v. Island Creek Coal Co.*, 824 F.2d 505, 508 (6th Cir.1987); *Adkins v. U.S. Department of Labor, Office of Workers' Compensation*, 824 F.2d 287, 290 (4th Cir.1987). He argues that these cases only hold that a finding of "no respiratory impairments" is insufficient to rebut the presumption, while here, Dr. Kaplan found that Gonzales suffered "no impairments whatsoever". (Brief for Respondent at 12). This distinction is irrelevant to a determination of whether Gonzales is capable of performing his normal coal mine duties. The above cases reflect a concern that the rebuttal evidence be addressed "to the physical demands placed on a claimant by his work." *Adkins*, 824 F.2d at 290. Thus, a general conclusion of "no respiratory impairment" or "no impairment whatsoever" does not satisfy the plain language of subsection (b)(2).[2]

Because the Director did not rebut the interim presumption with substantial evidence that Gonzales was capable of performing his normal coal mine work, we will reverse the order of the Benefits Review Board, and remand the case so that benefits may be awarded from the appropriate commencement date.

---

2. Gonzales also contends that Dr. Kaplan's report is not substantial rebuttal evidence under subsection (b)(2) since the report ignored medical test results which indicated the presence of pneumoconiosis. Because of our disposition, it is not necessary to address this issue.