960 F.2d 145
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
v.
Leonard SPAULDING, Respondent.
 No. 89-1836.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 20, 1991
Decided: April 27, 1992
 
 On Petition for Review of an Order of the Benefits Review Board. (88-2716-BLA)
 David S. Fortney, Deputy Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, Brian E. Peters, Assistant Counsel for Administrative Litigation and Legal Advice, United States Department of Labor, Washington, D.C., for petitioner.
 Leonard J. Stayton, Inez, Ky., for respondent.
 VACATED AND REMANDED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The Director of the Office of Workers' Compensation Programs [Director] petitions this Court for review of a decision of the Benefits Review Board [BRB] affirming an award of black lung benefits to Leonard Spaulding. Because the Administrative Law Judge [ALJ] did not consider all relevant evidence in finding that the Director had rebutted a presumption of entitlement to benefits pursuant to 20 C.F.R. § 727.203(b)(3) (1991), we vacate the decision of the BRB, and remand the case for further consideration.
 
 
 2
 Spaulding, a former coal miner with ten years of mine employment, was awarded black lung benefits after a hearing before the ALJ. In reaching his decision, the ALJ relied on X-ray evidence demonstrating the existence of pneumoconiosis. Also included in the record was a 1980 assessment by Dr. Robert Crisalli, which explained that "nothing can be said regarding the patient's limitations" and that none of the limitations "are definitely due to lung disease," but nevertheless diagnosed "chronic bronchitis-[secondary] to smoking." A 1987 evaluation by Dr. Pathom Thavardhara concluded that there was:
 
 
 3
 evidence of a mild degree of pneumoconiosis. However these tests failed to reveal any significant respiratory impairment due to his pneumoconiosis. From a pulmonary standpoint, Mr. Spaulding exhibit (sic) any pulmonary disability, however it should be noted that Mr. Spaulding has a fast heart rate (tachycardia) during rest. He may have underlying heart disease or he may have been out of shape and overweight. I believe that he should be seen and evaluated by a cardiologist.
 
 
 4
 Based exclusively on the evaluation of Dr. Crisalli,* the ALJ concluded that the Director had rebutted the presumption of total disability arising out of his coal mine employment, because the evidence "establishe[d] that the total disability ... of the miner did not arise in whole or in part out of coal mine employment." 20 C.F.R. § 727.203(b)(3). Nevertheless, the ALJ awarded benefits pursuant to Part 410 of the regulations. The BRB affirmed the award of benefits under Part 410, and accordingly declined to address the ALJ's finding of rebuttal under § 727.203(b)(3). The Director timely petitioned this Court for review. We granted the Director's motion to hold the case in abeyance pending the Supreme Court's decision in Pauley v. Bethenergy Mines, Inc., 59 U.S.L.W. 4778 (U.S. 1991).
 
 
 5
 In Pauley, the Court held that a presumption of total disability is subject to rebuttal under the standard of § 727.203(b)(3) whether the presumption is invoked pursuant to Part 727 or Part 410. 59 U.S.L.W. at 4784, 4785. Following Pauley, if the evidence rules out a causal relationship between Spaulding's disability and his coal mine employment, he would not be entitled to benefits under Part 727 or Part 410. See Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir. 1984).
 
 
 6
 Dr. Crisalli's statements that "nothing can be said regarding the patient's limitations" and that none of the limitations "are definitely due to lung disease," indicate that his diagnosis does not rule out a causal relationship between Spaulding's disability and his coal mine employment. Therefore, as the Director concedes on appeal, the ALJ's finding of rebuttal under § 727.203(b)(3) was not supported by substantial evidence. See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir. 1985).
 
 
 7
 However, the Director argues here, as it did before the BRB, that the ALJ should have considered Dr. Thavardhara's opinion in its evaluation of § 727.203(b)(3) rebuttal even though he expressed no opinion on the effect of Spaulding's smoking on his inability to work. The Director asserts that the physician's statement should be corrected to read "Mr. Spaulding [does not] exhibit any pulmonary disability ...," and contends that with this correction, Dr. Thavardhara's opinion "rules out" a connection between Spaulding's pneumoconiosis and any such disability.
 
 
 8
 We agree that a finding that there is no pulmonary disability could establish that pneumoconiosis did not contribute to the miner's disability. See Oravitz v. Director, Office of Workers' Comp. Programs, 843 F.2d 738 (3d Cir. 1988) (Seitz, J., dissenting). Nonetheless, we cannot determine what Dr. Thavardhara's opinion was in this regard. Moreover, the decision regarding whether the doctor's opinion establishes subsection (b)(3) rebuttal should be made by the ALJ. See Walker v. Director, Office of Workers' Comp. Programs, 927 F.2d 181, 184 (4th Cir. 1991) (ALJ is required to review"all relevant evidence" in assessing total disability). Accordingly, we remand this case to the BRB for further remand to the ALJ for determination of what Dr. Thavardhara's opinion actually stated, and then, if the doctor opined that there was no finding of pulmonary disability, whether that opinion establishes subsection (b)(3) rebuttal. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The ALJ treated Dr. Thavardhara's opinion as irrelevant apparently because the doctor expressed no opinion on the effect of Spaulding's smoking on his inability to work