**Henry CORT, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, Respondent.**

No. 92–3544.

United States Court of Appeals, Third Circuit.

Argued May 17, 1993.

Decided June 30, 1993.

panel rehearing only.

Helen M. Koschoff (argued), Wilburton, PA, for petitioner.

Marshall J. Breger, Sol. of Labor, Donald S. Shire, Associate Sol., Barbara J. Johnson, Counsel for Appellate Litigation, Matthew P. Levin, Helen H. Cox (argued), U.S. Dept. of Labor, Washington, DC, for respondent.

Before: STAPLETON, ALITO, and SEITZ, Circuit Judges.

(Opinion Filed: June 30, 1993)

## OPINION OF THE COURT

ALITO, Circuit Judge:

Henry Cort petitions for review of an order of the Department of Labor's Benefit Review Board (the "Board") that affirmed the decision of an administrative law judge denying Cort's claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* Because the Board and the ALJ misinterpreted the regulation on which they relied, we grant the petition and reverse the Board's order.

### I.

Henry Cort worked intermittently in various coal mines for approximately 11 years between 1940 and 1956. In 1979, Cort filed a claim under the Black Lung Benefits Act. After his claim was administratively denied by a deputy commissioner, Cort requested a formal administrative hearing, and an administrative law judge (the "ALJ") heard Cort's claim in 1987.

Under the Department of Labor interim regulations,[1] a presumption of total disability due to pneumoconiosis is established if a claimant has worked for more than 10 years as a miner and meets one of four medical requirements. *See* 20 C.F.R. § 727.203(a). Cort established that he met one of these requirements—that set out in 20 C.F.R. § 727.203(a)(1)—by submitting an X-ray establishing the existence of pneumoconiosis. Consequently, the ALJ found that Cort was entitled to the presumption of total disability under Section 727.203(a).

The ALJ also found, however, that this presumption had been rebutted. Title 20 C.F.R. § 727.203(b) states that the presumption is rebutted if:

(1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work (see § 410.412(a)(1) of this title); or

(2) In light of all relevant evidence it is established that the individual is able to do

---

1. The Department's "interim" regulations, 20 C.F.R. Part 727, are applied to claims filed before the "permanent" criteria promulgated under Part 718 became effective. 20 C.F.R. § 727.-200.

his usual coal mine work or comparable and gainful work (see § 410.412(a)(1) of this title); or

(3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or

(4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.

In this case, the ALJ concluded that the presumption had been rebutted under subsections (b)(1) and (b)(2).[2] With respect to subsection (b)(1), the ALJ found that Cort was gainfully employed in comparable work because he was working as a wire cutter. With respect to subsection (b)(2), the ALJ found that Cort was capable of engaging in his usual coal mine employment. In reaching this conclusion, the ALJ relied on the reports of two physicians. One of these physicians stated that "no disability" was "evident"; the other stated that there was "no evidence of significant respiratory impairment."

In 1990, the Board affirmed the decision of the ALJ, but on a motion for reconsideration the Board determined that the ALJ had erred by failing to follow this court's precedents. As to subsection (b)(1), the Board found that the ALJ had misapplied the salary comparability standard adopted in *Echo v. Director, OWCP*, 744 F.2d 327 (3d Cir.1984). As to subsection (b)(2), the Board found that the ALJ's reasoning was inconsistent with our decision in *Gonzales v. Director, OWCP*, 869 F.2d 776 (3d Cir.1989). In that case, we held that the interim presumption may not be rebutted under subsection (b)(2) by medical reports that contain a general conclusion

that a claimant is not impaired but that do not take into account the particular demands of the claimant's usual coal mine employment. We reasoned that a claimant might be fit enough to justify a finding of "no impairment" but not fit enough to perform " 'the heavy labor of a coal miner.' " *Id.* at 779–80 (quoting *Oravitz v. Director, OWCP*, 843 F.2d 738, 740 (3d Cir.1988)). The Board therefore remanded the case to the ALJ for further consideration of rebuttal under subsections (b)(1)–(3).[3]

On remand, the ALJ stated that "the purpose of the Board's remand [was] obscure." The ALJ wrote:

> [A]lthough I did not address rebuttal under subsection (b)(3) in my decision, evidence that the miner has no medical impairment *must* rebut the interim presumption under subsection (b)(3), "that the total disability ... of the miner did not arise in whole or in part out of coal mine employment. . . ." Therefore, I find that the interim presumption is rebutted under subsection (b)(3), and it is unnecessary to further address rebuttal under subsection (b)(2).

App. at 35a.

The Board affirmed the ALJ's decision and denied Cort's subsequent motion for reconsideration. Cort now petitions for review.

## II.

■ The primary question before us is whether, as the Board held, the interim presumption may be rebutted under 20 C.F.R. § 727.203(b)(3) by showing that a claimant has no respiratory or other impairment.[4] We hold that it may not.

2. Although the ALJ's opinion stated that he had considered rebuttal under subsections (b)(1)–(4), the opinion drew no express conclusions about subsections (b)(3) or (4).

3. Because the parties stipulated to the existence of pneumoconiosis, rebuttal under subsection (b)(4) was precluded. *See Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 150, 108 S.Ct. 427, 435–36, 98 L.Ed.2d 450 (1987).

4. The Benefits Review Board did not promulgate the regulations at issue here, is not charged with their enforcement, and "is not a policymaking agency." *Potomac Electric Power Co. v. Director,*

*OWCP*, 449 U.S. 268, 278 n. 18, 101 S.Ct. 509, 514 n. 18, 66 L.Ed.2d 446 (1980). Consequently, its interpretation of the regulations is not entitled to any special deference. *Id.* The Director, however, who has been delegated the Secretary of Labor's authority with respect to the Black Lung Benefits Act (20 C.F.R. § 701.202(f)), advocated the same interpretation in the Board proceedings. *See* Director's Response Br. at 4–5, Rec. at 25–26. Therefore, under *Martin v. Occupational Safety and Health Review Commission*, 499 U.S. 144, ——, 111 S.Ct. 1171, 1179, 113 L.Ed.2d 117 (1991) (Secretary's interpretation advanced as litigating position in administrative proceedings entitled to some deference), it could

As previously observed, the interim presumption, unless rebutted, establishes that a claimant is totally disabled due to pneumoconiosis arising out of coal mine employment. 20 C.F.R. § 727.203(a). This presumption may be separated into three distinct elements: first, that the claimant has pneumoconiosis; second, that the claimant is totally disabled; and third, that the claimant's total disability arose in whole or in part out of coal mine employment. *Cf. Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 141, 108 S.Ct. 427, 431, 98 L.Ed.2d 450 (1987).

Title 20 C.F.R. § 727.203(b) contains four subsections, each of which sets out a specific way of rebutting this presumption. Subsection (b)(4) concerns what we have described above as the first element, i.e., that the claimant has pneumoconiosis. Subsections (b)(1) and (b)(2) concern what we have described as the second element, i.e., that the claimant is totally disabled. Subsection (b)(3)—the provision at issue here—is solely concerned with what we have described as the third element, i.e., that the claimant's total liability results in whole or in part from coal mine employment. As noted, subsection (b)(3) states that the interim presumption is rebutted if "[t]he evidence establishes that the total disability ... of the miner did not arise in whole or in part out of coal mine employment." Thus, as we observed in *Oravitz*, 843 F.2d at 740 n. 3, subsection (b)(3) "assumes total disability and limits rebuttal to those instances where disability was caused by some other disease." *See also Bernardo v. Director, OWCP*, 790 F.2d 351, 353 (3d Cir.1986) ("The (b)(3) provision for rebuttal is concerned with the source of disability," not "the degree of disability"); *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 162 n. 5 (3d Cir.1986).

Here, the ALJ and the Board reasoned that the interim presumption was rebutted under subsection (b)(3) based on evidence that Cort has "no impairment." In other words, the ALJ and the Board reasoned: Cort has no "impairment"; therefore, he cannot be totally disabled; therefore, he cannot be totally disabled due to coal mine employment. While this process of reasoning is logical, it subverts the carefully structured rebuttal scheme of 20 C.F.R. § 727.203(b). By injecting the question of total disability into subsection (b)(3), this approach might permit total disability to be rebutted in ways that are not allowed under the rebuttal provisions that were framed to deal specifically with that element, subsections (b)(1) and (2). Indeed, there is no other apparent reason for attempting to inject the question of total disability into subsection (b)(3)—and in the present case it is transparent that the ALJ took the approach that he did for precisely such a purpose. As noted, the ALJ initially held that the interim presumption had been rebutted under subsection (b)(2) because Cort had no impairment. The Board properly reversed that decision in light of our decision in *Gonzales*, 869 F.2d 776, where we held that a general medical finding of "no impairment" is not sufficient to establish that a claimant "is able to do his usual coal mine work or comparable and gainful work." 20 C.F.R. § 727.203(b)(2). When the case was remanded to the ALJ, the ALJ tried to evade the impact of *Gonzales* by squeezing the same bit of reasoning (no impairment means no total disability) into subsection (b)(3).

We are convinced that the rebuttal scheme set out in 20 C.F.R. § 727.203(b) does not permit such maneuvers. We hold that subsection (b)(3) may not be satisfied by proof that a claimant is not disabled or impaired. Rebuttal under this provision must accept

be argued that the Director's interpretation merits deference. *See Estate of Cowart v. Nicklos Drilling Co.*, —— U.S. ——, ——, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992). The courts of appeals are divided on the question whether the Director's interpretation of the statutes he administers is entitled to deference. *See Liberty Mutual Ins. Co. v. Commercial Union Ins. Co.*, 978 F.2d 750, 757 (1st Cir.1992) (citing cases). We have held, albeit in a case decided prior to *Chevron U.S.A. Inc. v. National Resources Defense Coun-*

cil, *Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) and *Martin*, that the Director's interpretation is not owed "great deference." *Director, OWCP v. O'Keefe*, 545 F.2d 337, 343 (3d Cir.1976). In the present case, we need not confront this question. Even if the Director's interpretation of the regulations is entitled to some deference, we hold that his interpretation is not reasonable (see *Martin*, 499 U.S. at ——, 111 S.Ct. at 1175) and accordingly cannot be sustained.

the assumption that the claimant is totally disabled and go on to address the source of the disability; rebuttal regarding the existence of total disability must proceed instead under subsection (b)(1) or (2). We thus hold that the Board's decision rests on a fundamental misinterpretation of subsection (b)(3) and must therefore be reversed.

## III.

■] Having held that rebuttal on the ground adopted by the ALJ and the Board cannot be sustained, we must consider whether we should remand so that the Board and the ALJ can address other possible grounds for rebuttal or whether, as Cort requests, we should simply order the award of benefits. In prior similar cases in which there had been great administrative delay, we have taken the latter course where it was apparent from an examination of the administrative record that there was no substantial evidence to support rebuttal. *See Kline v. Director, OWCP*, 877 F.2d 1175, 1181 (3d Cir.1989); *Sulyma v. Director, OWCP*, 827 F.2d 922, 924 (3d Cir.1987). We find this approach appropriate here.

Since Cort is no longer employed, rebuttal is unavailable under subsection (b)(1). Moreover, because Cort invoked the interim presumption under subsection (a)(1), the Board and the Director acknowledge that rebuttal is unavailable under subsection (b)(4).[5] As for subsections (b)(2) and (3), we have examined the administrative record, and we find that there is no substantial evidence[6] establishing rebuttal under either provision. We also note that, although Cort's brief prominently argues that we should direct the award of benefits, the Director's brief makes no attempt to explain how the record could support a finding of rebuttal under subsection (b)(2). Indeed, the Director's brief itself refers to "the insufficiency of the record evidence to prove claimant's ability to perform his usual coal mine work." Respondent's Br. at 12.

## IV.

We therefore grant Cort's petition for review; we reverse the April 30, 1992 Decision and Order of the Benefits Review Board; and we remand this case solely for the entry of an award by the Board.

---

5. Respondent's Br. at 6; App. 34c n. 4. *See* n. 3, *supra.*

6. *See, e.g., Hillibush v. U.S. Dept. of Labor*, 853 F.2d 197, 202 (3d Cir.1988).