

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-9-1997

# Barren Creek Coal Co v. Witmer

Precedential or Non-Precedential:

Docket 96-3273

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

## Recommended Citation

"Barren Creek Coal Co v. Witmer" (1997). *1997 Decisions.* Paper 79.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/79

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 9, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-3273

BARREN CREEK COAL COMPANY; and its carrier,
AMERICAN BUSINESS & MERCANTILE
INSURANCE MUTUAL, INC.,
        Petitioners,

v.

BENJAMIN WITMER,

and

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,
        Respondents.

On Petition for Review from the Order
of the Benefits Review Board

Argued January 9, 1997

Before: COWEN, ALITO, and ROSENN, Circuit Judges.

(Opinion Filed April 9, 1997)

        Mark E. Solomons
        Thomas H. Odom (argued)
        Arter & Hadden
        Suite 400K
        1801 K Street, N.W.
        Washington, D.C. 20006
        Counsel for Petitioners

          Maureen Hogan Kreuger (argued)
          1342 Lindsay Lane
          Jenkintown, PA 19046
          Counsel for Respondents

OPINION OF THE COURT

ROSENN, Circuit Judge.

This petition for review of a decision of the Benefits
Review Board in a black lung disease case by the employer,
Barren Creek Coal Company ("Barren Creek"), and its
carrier, American Business & Mercantile Insurance Mutual,
Inc., comes to us in an unusual posture. Generally, such
petitions raise questions as to whether substantial evidence
supports the decision of the Board. This petition, however,
raises only questions of law as to whether the
Administrative Law Judge ("ALJ") complied with the
requirements of the Administrative Procedures Act, 5 U.S.C.
S 557(c)(3)(A), by providing an adequate explanation for his
conclusion finding disability causation from
pneumoconiosis.

Petitioner Barren Creek employed Respondent Benjamin
Witmer as an equipment operator in its surface coal
stripping operation for 19 years. In October 1984, at age 52
and while still employed, Witmer filed a claim for benefits
under the Black Lung Benefits Act, 30 U.S.C. SS 901-945.
The District Director of the Office of Compensation
Programs of the Department of Labor denied the claim in
March 1985. Witmer requested reconsideration and a
hearing in a letter dated July 1985. In October 1988, the
ALJ held a hearing. He heard testimony from Witmer and
from the owner of Barren Creek, received depositions from
two physicians, and reviewed various medical reports. In
September 1989, the ALJ issued a Decision and Order
awarding benefits commencing May 1986. Barren Creek
and its insurance carrier appealed to the Benefits Review
Board of the Department of Labor (the "Board"), and the
Board affirmed the award in April 1993. Barren Creek and
its carrier then filed Motions for Reconsideration which

ultimately were denied in January and March of 1996. 1
They timely petitioned this court for review. We vacate the
Board's decision and remand.2

I.

This court reviews Board decisions for errors of law and
for adherence to its own standard of review. Director, Office
of Workers Comp. Programs v. Barnes & Tucker Co., 969
F.2d 1524, 1526-27 (3d Cir. 1992). The Board must accept
an ALJ's findings of fact if they are supported by
substantial evidence in the record considered as a whole.
Oravitz v. Director, Office of Workers Comp. Programs, 843
F.2d 738, 739 (3d Cir. 1988). Matters of law are subject to
plenary review by this court. United States v. Jefferson, 88
F.3d 240 (3d Cir. 1996).

While employed by Barren Creek, Witmer operated a
backhoe for two or three years and then a grader for the
remaining period of his employment. In the performance of
his duties, he operated the equipment from a glass-
enclosed cab except at the end of the day when he stepped

_____

1. Recently, in an opinion authored by the Chief Judge of this court,
Lango v. Director, Office of Workers' Comp. Programs, 104 F.3d 573 (3d
Cir. 1997), she commented on the series of black lung cases in this
circuit, where administrative proceedings languished for many years
while waiting for an ALJ or the Benefits Review Board to hear them. She
also noted that Chief Judge Posner expressed dismay several years ago
about black lung cases reviewed by the Seventh Circuit Court of
Appeals. See Amax Coal Co. v. Franklin, 957 F.2d 355, 356 (7th Cir.
1992). We must note that in this proceeding too there has been
inexplicable delay. Witmer first filed his claim for federal black lung
benefits on October 5, 1984. Although his counsel made several requests
for formal hearing, the claim did not reach the Office of the ALJ until
October 31, 1986. A hearing was not held until almost two years later,
on October 13, 1988. The ALJ issued his decision on September 5, 1989,
but the Board did not issue its brief per curiam opinion until April 28,
1993. We reiterate the extreme concern expressed by the panel of this
court in Lango.

2. The Benefits Review Board had jurisdiction over the appeal from the
ALJ's award pursuant to 33 U.S.C. S 921(b)(3), incorporated by reference
into 30 U.S.C. S 932(a). We are granted appellate jurisdiction by 33
U.S.C. S 921(c), also incorporated by reference into 30 U.S.C. S 932(a).

down, when necessary, to grease the moving parts of the machine.

Witmer testified at his hearing before the ALJ in October 1988 that his only medical problem was in breathing, which he said he first noticed in the early 1980s. He claimed it has worsened and now he can only walk 200-300 feet on the level. He has had no heart attack and he has no high blood pressure. He had never been informed that he had any heart disease until presumably after his physical examination by Dr. Dittman in May, 1988. He also stated that he had never been hospitalized for shortness of breath or any kind of lung problem. He had made no pulmonary complaints to his employer and had never consulted a doctor for a lung problem until after he had engaged an attorney to pursue this claim. Witmer's attorney referred him to Dr. Raymond Kraynak who, at the time of the hearing, was his treating physician. He had not taken any medications other than a Proventil inhalator prescribed by Dr. Kraynak.

This petition for review primarily challenges the ALJ's determination that Witmer is totally disabled due to pneumoconiosis.[3] 20 C.F.R. S 718.204 provides that "[i]n the absence of contrary probative evidence," total disability may be established by any one of several routes: pulmonary function tests, arterial blood-gas tests, the presence of cor pulmonale, or the report of a physician exercising reasoned medical judgment. Petitioners claim both that none of these criteria were met, and that the ALJ ignored contrary probative evidence or improperly discounted it.

The absence of explanation in certain portions of the ALJ's Decision and Order renders meaningful review

_____

3. Pursuant to Department of Labor regulations, in order to award benefits, the ALJ had to make three determinations: that Witmer suffers from pneumoconiosis, that the pneumoconiosis is related to Witmer's coal mine employment, and that Witmer is totally disabled due to pneumoconiosis. The ALJ relied upon X-ray evidence to find the first condition fulfilled, as per 20 C.F.R. S 718.202, and upon the presumption afforded by 20 C.F.R. S 718.203(b) (relating to miners with ten or more years employment) to find that the disease is employment-related. Petitioners do not challenge either of these findings on appeal.

4

impossible by this court, as we are unable to determine the analytic process behind the result. Although we are free to examine, and indeed have examined, the underlying record, this does not permit us sufficiently to review the ALJ's reasoning at the time he reached his decision. We therefore must vacate and remand for a decision which, in compliance with the Administrative Procedures Act ("APA"), adequately sets forth the reasons or bases for the ALJ's findings and conclusions.

For the ALJ's guidance on remand, we note several areas in which we conclude that the Decision and Order was deficient. We begin with the pulmonary function tests (PFTs) which serve as the primary basis for the ALJ's disability determination. The ALJ discusses three valid PFTs which were qualifying, but fails to mention a fourth valid PFT which was not. We do not know whether the ALJ overlooked this study, considered it unimportant, or perhaps believed it to be outweighed by the other studies. He makes no reference whatever to the four PFTs which did not qualify because of the "poor effort" of the claimant. Similarly, we do not know what role, if any, the arterial blood-gas tests (which were within normal limits) played in his decision.

The ALJ based his determination, at least in part, upon his weighing and crediting of conflicting medical evidence, including the testimony of two doctors who were deposed, Dr. Raymond Kraynak and Dr. Thomas H. Dittman. Several other physicians to whom Witmer had been referred for tests submitted written reports. The ALJ provides virtually no explanation for his acceptance of some opinions and his rejection of others. Even a brief look at the credentials of each doctor, and at the circumstances under which each formed his opinion, demonstrates that the APA demands a substantially longer and more explanatory discussion on the part of the ALJ for the basis of his decision and the rejection of substantial probative evidence to the contrary.

Dr. Raymond Kraynak, Witmer's treating physician, had practiced medicine for four years prior to the hearing and devoted approximately 50% of his practice to the treatment of coal workers' pneumoconiosis. He is on the staff of the Shamokin and Ashland state hospitals. He is neither board

5

certified in internal medicine nor does he specialize in the field of pulmonary medicines. He has not performed a residency or had specific training in either of these fields, but has attended several post-graduate courses sponsored by the Philadelphia College of Osteopathy dealing with general pulmonary medicine and a seminar specifically dealing with black lung disease. Based upon physical examinations and medical testing, including two x-rays interpreted as showing pneumoconiosis, Dr. Kraynak concluded that Witmer is permanently and totally disabled as a result of his coal dust exposure.

Dr. Thomas Dittman is a board-certified internist specializing in internal medicine and pulmonary disease. He graduated from medical school in 1973, and performed an internship and a two-year residency in internal medicine followed by a two-year fellowship in pulmonary disease. At the time of the hearing, he was the medical director of the Respiratory Therapy Department at the Hazleton State General Hospital and is a member of a number of professional societies, including the American College of Chest Physicians and the Pennsylvania Thoracic Society. He examined and evaluated Witmer in May 1988 and reviewed an x-ray taken by Hazleton Radiology Associates and interpreted by Dr. Stanley Laucks as showing no pneumoconiosis. Dr. Laucks is a board certified radiologist certified as a Niosh "B" reader. This same x-ray was interpreted by two other certified "B" readers as positive for pneumoconiosis.

Dr. Dittman determined that Witmer does not suffer from pneumoconiosis, but he does suffer from heart disease. Although Dr. Dittman is undoubtedly the most highly qualified practitioner involved in this matter, he did not have the benefit of reviewing any valid PFTs. He reviewed a number of PFTs including one performed in his office, but they were nonqualifying because of the claimant's"poor and inconsistent effort." After giving Witmer a complete physical examination in May 1988, Dittman evaluated him and found his condition normal and unremarkable except for an extra heart beat and some findings of atherosclerotic disease and indications of a fairly significant vascular disease, including angina pectoris. He found the arterial

blood gas studies "normal in all respects." It was Dr. Dittman's opinion that Witmer's pulmonary system was normal and that he was capable of performing his usual work as described with Barren Creek.

Dr. Stephen Kruk, who is board-certified in internal medicine, examined Witmer at Dr. Kraynak's request to ascertain if there was any cardiac etiology in October 1987. Based upon a physical examination and a review of various medical tests, Dr. Kruk determined that Witmer was disabled secondary to pneumoconiosis. Dr. Joseph Mariglio examined Witmer in 1984 at the request of the Department of Labor and diagnosed pneumoconiosis, although the ventilatory study showed "patient effort very poor and inconsistent." Given the amount and variety of medical information in the record, the one paragraph which the ALJ devotes to explaining his choices among the evidence is completely inadequate.

II.

As then Judge Sloviter has observed,

> There are cogent reasons why an administrative decision should be accompanied by a clear and satisfactory explication of the basis on which it rests. Chief among them is the need for the appellate court to perform its statutory function of judicial review. A statement of reasons or findings also helps avoid judicial usurpation of administrative functions, assures more careful administrative consideration, and helps the parties plan their cases for judicial review.

Cotter v. Harris, 642 F.2d 700, 704-05 (3d Cir. 1981).

Administrative agencies when engaged in factfinding and law-applying are required to proceed in accordance with the elementary principles of rational truth-seeking, and the adjudication of black lung cases is not exempt from this requirement. In the absence of a satisfactory explanation from the ALJ as to the degree of consideration given probative evidence countering the evidence in support of the claimant, a reviewing court cannot judge whether the ALJ simply disregarded significant probative evidence or reasonably failed to credit it.

7

We are most reluctant to protract this already unduly prolonged litigation. We may not, however, affirm an administrative decision unless we can be certain that it is reasoned. Accordingly, the petition for review will be granted and the matter will be remanded to the Board with instructions to remand it to the ALJ to reexamine the record and evidence. In his new Decision and Order, the ALJ shall discuss all relevant evidence and provide an adequate statement of his reasons for whatever decision he reaches in a manner not inconsistent with this opinion.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit