

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2006

# Hrutkay v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2992

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hrutkay v. Director OWCP" (2006). *2006 Decisions.* Paper 724.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/724

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2992

LOIS B. HRUTKAY
(Widow of Edward J. Hrutkay)

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR;
BETHENERGY MINES, INCORPORATED

Lois B. Hrutkay,

Petitioner

On Petition for Review of a Decision and Order
of the Benefits Review Board
(BRB No. 04-0717 BLA)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 31, 2006

BEFORE: SMITH and  COWEN, Circuit Judges,
and ACKERMAN*, District Judge

(Filed July 20, 2006)

*Honorable Harold A. Ackerman, Senior United States District Judge for the District of
New Jersey, sitting by designation.

## OPINION

COWEN, Circuit Judge.

Before us is a Petition for Review of the decision of the Benefits Review Board (BRB) affirming the denial by the Administrative Law Judge (ALJ) of Lois Hrutkay's claim for survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. The ALJ denied her claim for survivor's benefits on the grounds that pneumoconiosis did not contribute to the death of her husband, Edward Hrutkay. We will affirm.

## I.

The ALJ and BRB set forth the background of the matter in their respective decisions, and as we write solely for the parties, we need not go into greater detail. Mr. Hrutkay worked as a coal miner for about forty years. He smoked cigarettes for approximately fifty years and quit smoking seven years prior to his death. In the last nine months of life, he was hospitalized on multiple occasions for a variety of medical problems, including chronic obstructive pulmonary disease, congestive heart failure, and coronary artery disease. Hrutkay died on April 10, 2002, and according to his death certificate, the cause of death was coronary artery disease. The death certificate also lists chronic obstructive pulmonary disease and peripheral vascular disease as other conditions contributing to his death.

2

During the hearing, the ALJ considered, inter alia, the expert reports of Dr. Cyril Wecht, a pathologist who conducted Mr. Hrutkay's autopsy; Dr. Richard Naeye, a pathologist; and Dr. Robert Altmeyer, a pulmonologist. Dr. Wecht opined that pneumoconiosis was a substantial cause of Mr. Hrutkay's death. Dr. Naeye and Dr. Altmeyer found that Mr. Hrutkay's pneumoconiosis was too mild to be a substantial cause of his death. After reviewing all of the evidence, the ALJ ultimately credited the reports of Dr. Naeye and Dr. Altmeyer and denied Ms. Hrutkay benefits.

## II.

We have jurisdiction over this black lung benefits appeal pursuant to 30 U.S.C. § 932(a). See Lukosevicz v. Director, OWCP, 888 F.2d 1001, 1003 (3d Cir. 1989). We review the BRB's decision for errors of law and to ensure that the BRB has adhered to its scope of review. See Oravitz v. Director, OWCP, 843 F.2d 738, 739 (3d Cir. 1988). We must conduct an independent review of the record and "decide whether the ALJ's findings are supported by substantial evidence." Sun Shipbuilding & Dry Dock Co. v. McCabe, 593 F.2d 234, 237 (3d Cir. 1979). "'Substantial evidence' has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Kowalchick v. Director, OWCP, 893 F.2d 615, 619-20 (3d Cir. 1990) (citation omitted).

To be entitled to survivor's benefits, the petitioner must prove that Hrutkay's death was "due to pneumoconiosis" arising out of his employment in coal mines. 30 U.S.C. §

3

901(a). "Death will be considered due to pneumoconiosis" if "pneumoconiosis was a substantially contributing cause or factor leading to the miner's death . . . ." 20 C.F.R. § 718.205(c)(2). Pneumoconiosis is a substantially contributing cause of death if it actually "hastens death." Lukosevicz, 888 F.2d at 1006.

Ms. Hrutkay first argues that the ALJ committed error when he "automatically accepted" and "mechanically assigned" more weight to the opinions of Dr. Naeye and Dr. Altmeyer that pneumoconiosis did not contribute to or hasten Hrutkay's death. An ALJ has a statutory duty to analyze "'all of the relevant evidence' and to provide a sufficient explanation for his 'rationale in crediting certain evidence.'" Bill Branch Coal Corp. v. Sparks, 213 F.3d 186, 190 (4th Cir. 2000) (citation omitted). In the present case, the ALJ provided specific reasons why he discredited Dr. Wecht's report and credited the reports of Dr. Naeye and Dr. Altmeyer. The ALJ noted that Dr. Naeye reviewed Mr. Hrutkay's medical records and the slides from the autopsy. Dr. Naeye found moderately severe to severe centrilobular emphysema and severe necrotizing pneumonia in the lung slides. He also found mild to moderately severe chronic bronchitis and very mild coal workers' pneumoconiosis. Dr. Naeye concluded that Hrutkay's pulmonary impairments were due to his heavy smoking, not his exposure to coal dust. The causes of death were necrotizing pneumonia and a recent myocardial infarction.

The ALJ also noted that Dr. Altmeyer reviewed Hrutkay's medical records and concluded that the cause of death was coronary artery disease with pneumonia a likely

4

contributing cause. He concluded that Hrutkay's pulmonary symptoms and abnormalities were far too severe to be attributed to the minimal degree of pneumoconiosis.

The ALJ also discussed Dr. Wecht's two reports. In Dr. Wecht's first report, he opined that Hrutkay suffered from pneumoconiosis, which was confirmed by, inter alia, his autopsy findings. He opined that pneumoconiosis was the basis for Hrutkay's chronic obstructive pulmonary disease and was a substantial contributing factor in his death. The ALJ noted that Dr. Wecht's first report was phrased in general terms and provided no explanation for his conclusion that pneumoconiosis substantially contributed to death.

In Dr. Wecht's second report, he opined that the pneumoconiosis was the principal etiologic factor of Hrutkay's pulmonary disease. He noted that Hrutkay smoked cigarettes for about forty-five years but quit approximately seven years prior to his death. Dr. Wecht cited a medical article indicating that long time cigarette smokers who quit can experience improvements in their lung functions. The ALJ found that Dr. Wecht did not persuasively attribute Hrutkay's chronic obstructive lung disease to coal dust exposure as opposed to very heavy cigarette smoking. The ALJ noted that a possible improvement in lung function after Hrutkay quit smoking seven years before he died does not establish that pneumoconiosis was a factor in his death.

Dr. Wecht further noted in his second report that centrilobular emphysema may be caused by coal dust. The ALJ noted, however, that Dr. Wecht failed to establish that coal dust caused Hrutkay's centrilobular emphysema. Dr. Wecht also stated that the

5

pneumoconiosis diminished the supply of oxygen to Hrutkay's heart and caused his fatal heart disease. The ALJ found no dispute between the three doctors that Hrutkay had very minimal pneumoconiosis. The ALJ also noted that Dr. Wecht's report failed to explain how minimal pneumoconiosis impaired Hrutkay's heart function and contributed to his death. His opinion involved generalities and theoretical possibilities. Unlike Dr. Wecht's opinion, the ALJ found that the opinions of Dr. Naeye and Dr. Altmeyer were well reasoned, thoroughly discussed all the evidence, and provided sound conclusions. The ALJ also gave greater weight to Dr. Naeye's opinion because his curriculum vitae showed that he had greater expertise with occupational lung diseases than Dr. Wecht.

After reviewing the ALJ's analysis and the record, it is clear that the ALJ considered the relevant evidence and articulated a sufficient rationale for crediting the opinions of Dr. Naeye and Dr. Altmeyer over the opinion of Dr. Wecht. We find no error because the ALJ fulfilled his statutory duties and his findings are supported by substantial evidence.

Petitioner also argues that the ALJ erred by failing to give Dr. Wecht's autopsy report and opinion sufficient weight. She contends that Dr. Wecht's opinion should have been given more weight because he was a treating physician. When weighing medical evidence, an ALJ must consider the relationship between the miner and any treating physician whose report is admitted into the record. See 20 C.F.R. § 718.104(d). In an appropriate case, the ALJ may give more weight to a treating physician's opinion due to

6

the relationship between the miner and the physician as long as the opinion is deemed credible "in light of its reasoning and documentation, other relevant evidence and the record as a whole." Id. § 718.104(d)(5). In the present case, the ALJ found that Dr. Wecht's first report was "phrased in general terms" and failed to explain how pneumoconiosis substantially contributed to Hrutkay's death. The ALJ found that the second report was not credible because Dr. Wecht failed to persuasively attribute Hrutkay's obstructive pulmonary disease to coal dust exposure as opposed to smoking. Moreover, the ALJ found that Dr. Wecht failed to explain how minimal pneumoconiosis impaired heart function and contributed to his death. We conclude that the ALJ's findings are supported by substantial evidence. The ALJ did not err by giving less weight to Dr. Wecht's autopsy report and opinion. See Lango v. Director, OWCP, 104 F.3d 573, 577-78 (3d Cir. 1997) (refusing to defer to treating physician's opinion when he gave no basis for his conclusion).

Ms. Hrutkay also argues that the ALJ erred by giving Dr. Naeye's opinion more weight based on his credentials. According greater weight to the opinions of physicians who have superior credentials is a permissible way of resolving conflicting medical opinions. See Adkins v. Director, OWCP, 958 F.2d 49, 52 (4th Cir. 1992); Sexton v. Director, OWCP, 752 F.2d 213, 215-16 (6th Cir. 1985). The ALJ compared the curricula vitae of Dr. Naeye and Dr. Wecht and found Dr. Naeye's credentials to be more

7

impressive.  After reviewing the curricula vitae of both physicians, we find substantial evidence to support the ALJ's finding.

Finally, the petitioner baldly asserts that the ALJ showed personal animosity towards Dr. Wecht.  We reject this argument since she points to no evidence in the record showing bias.

III.

For the foregoing reasons, we deny the Petition for Review and affirm the order of the Benefits Review Board entered on May 12, 2005.